HUIE *vs* NIXON, et al.

1. It is competent for the County Court to set aside the claim of a father, to the wardship of his child's estate, in favor of a stranger, if it appear that the father is unfit for the station; and therefore, the relation of parent forms no exclusive claim to the wardship.

2. It is good ground for revoking letters of guardianship, that they were improvidently granted, and that the Court had no jurisdiction when the letters were granted.

Error to the County Court of Montgomery.

This was a petition for revoking letters of guardianship. The petition stated that Polly T. Nixon was the mother of a female infant child named Martha T. Augustin, being the child of a former husband, Thomas J. Augustin, deceased: That the child was a minor, under the age of fourteen years, and entitled, as one of the heirs of Samuel Augustin, to a distributive share of his estate: That the child had resided with her mother from the time of her birth, and now resided with petitioners, who had the care and control of her, and had discharged their duty towards her, to the utmost of their power. The petition further represented, that one Josiah Huie, had made application to be appointed guardian of the minor, and had obtained such appointment, and was now exercising the rights and duties of guardian of said minor. No citation was ever issued to the mother, nor was any notice given of the application of said Huie, to be appointed guardian. The petition therefore prayed that the letters of guardianship granted to Huie might be called in and revoked, and petitioners appointed guardian of said Martha T. Augustin, in the place of Huie,

and that an order should be made for him to pay over to petitioner all goods, chattels and effects in his hands, belonging to said Martha T. Augustin, and that a citation might issue to said Huie, requiring him to shew cause why the letters of guardianship should not be called in, and an account of his guardianship rendered, and petitioners appointed. Signed by Polly T. Nixon and John D. Nixon; and accompanied with the affidavit of J. D. Nixon to the facts.

On this petition and affidavit, a citation issued; and on the second day of March, eighteen hundred and thirty-seven, the case came on for hearing before the Judge of the County court; and defendant moved to quash the citation, and dismiss the petition, upon the ground that no good cause of removal appeared therein; which was overruled by the Court—and the petitioners filed their specifications.

1. That said Polly T. Nixon was the mother, and natural guardian of the said Martha T. Augustin, and that said John D. was the husband of Polly T., and that the right of guardianship belonged to the mother, and not to said Huie; and for these reasons, the letters should be revoked.

2. That said Huie was not a fit and proper person to be the guardian of said Martha, because he had an interest which conflicted with the interests of Martha, and because he neither extended protection, maintenance, or support to said Martha, nor had he ever done so since his appointment.

To the first of these specifications, there was a demurrer filed by defendant, which being argued and heard, was overruled by the Court, and defendant declining to plead over, judgment was entered against him thereon.

The second specification, defendant moved to strike out, which motion was sustained by the court, and to which petitioners excepted; which exception was allowed, and the point reserved.

It was therefore considered and adjudged by the court, that the letters of guardianship theretofore granted to said Josiah Huie, on the estate of Martha T. Augustin, should be called in and revoked, and annulled from that day forth.

And for a further reason, the court assigned, that the ward, at the time of the application of Huie for letters of guardianship, resided with the applicants, beyond the limits of this state, and was not within the jurisdiction of that court; and that the letters granted to said Huie, were granted for the purpose of aiding in the final settlement and distribution of the estate of one Samuel T. Augustin, deceased, of whom said Martha T. Augustin was an heir at law.

And it appeared to the satisfaction of the court that Martha T. Augustin resided in Montgomery county: it was therefore ordered that John D. Nixon, and his wife Polly T. Nixon should be appointed guardians of the person and estate of Martha T. Nixon, when they should have complied with the terms of the statute, in such case made and provided.

It was further ordered, that a citation issue to the said Josiah Huie, requiring him to appear at a court, to be holden on the second Monday in April, to make a settlement with the court, of his said guardianship.

And in this court, said defendant came and assigned for error,—

First:—That the mother, Polly T. Nixon, had no exclusive right to be guardian for her daughter, nor said J. D. Nixon, husband of said Polly, by virtue of his intermarriage with said Polly.

Second:—That the appointment of said Huie, as guardian, vested the office and trust in him; and the reason that the mother of the ward was still living, and she and her husband Nixon, applying for letters of guardianship, was no sufficient cause for removing said Huie from the office of guardian.

Third:—That the reason given by the court for the

removal, to-wit, that said minor, at the time of the appointment of said Huie as guardian, was a non-resident of the county and state, is untrue in fact, as will appear from the record.

   *Dargan*, for the plaintiff in error.
   *Thorington*, contra.

ORMOND, J.—This was a petition, filed by the defendants in error, in the County court of Montgomery, praying the removal of the plaintiff in error, as guardian of Martha T. Augustin, an infant. The plaintiff in error moved the court to dismiss the petition, and quash the citation ; which being refused, the defendant in error filed the following exceptions :

1. That the said Polly T. Nixon is the mother and natural guardian of the said Martha T. Augustin, and that the said John D. Nixon is the husband of the said Polly T. Nixon : that the right of guardianship belongs to the said Polly T. Nixon, and not to said Huie; and that for these reasons, said letters should be revoked.

2. That said Huie is not a fit and proper person to be the guardian of said Martha F. Augustin, because he has an interest that conflicts with the interests of said Martha, and because he neither extends protection, maintenance or support to said Martha, nor has ever done so since his appointment.

To the first specification the plaintiff in error demurred , but the court overruled the demurrer. The plaintiff then moved the court to strike out the second specification, which motion the court sustained ; and to which defendants in error plead exceptions.— The court then proceeded to revoke and annul the letters of guardianship, which had formerly issued to the plaintiff, and appointed the defendants in error guardians of the infant. This is assigned for error in this court.

The act of eighteen hundred and six, which authorises the appointment of guardians by the County court, contains a clause to the following effect: "And the said court may, for any good and sufficient cause, displace a guardian—giving such guardian fourteen days' previous notice, by citation, to appear and shew cause why he should not be displaced."

Under this act, a practice has grown up, after citation to the guardian, to file specifications, setting forth particularly the causes alleged for displacing the guardian. This practice has been sanctioned by this court,* and meets our approbation.

If the facts alleged, are admitted, their sufficiency can be determined by the judge of the County court: if denied, their truth can be ascertained, on an issue made up under the direction of the court. The former course has been pursued in this case, and the matters of law arising thereon, determined by the judge.

The first specification alleges no misconduct on the part of the guardian; but is framed on the supposition, that the mother is entitled, by law, to the custody not only of the person of her child, but also of her estate. Our statute being silent on this subject, we must inquire how this matter stood at common law. At common law, there were four kinds of guardians, to wit: In chivalry, by nature, in socage, and by nurture. Some of these draw after them, incidents of the most onerous nature, which finally were all taken away by the 12 of Charles 2—by which all guardianships were turned into free and common socage. In the United States, no other guardianship ever existed, than that of free and common socage. By the law of England, the father is entitled to the guardianship by nature, which did not entitle him to the

---

*1 Stewart, 166.

custody of the estate of the ward: the true reason of which, was, that by the law of England he never could inherit any thing from him; but in this State the father may inherit from the son,—the reason of the rule ceasing, therefore the rule must cease with it. The result of this is, that the father or mother may be appointed guardian under our law, which is a guardianship in free and common socage, and gives as well the custody of the estate, as of the person of the ward.

But the first specification asserts a paramount right to the wardship for the mother—a right so absolute as to constitute the good and sufficient cause, spoken of in the statute, for the removal of the former guardian. This can not be supported, for it would, no doubt, be competent for the county court to set aside the claim of the father to the wardship of his child's estate, in favor of a stranger, where it appeared that the father was unfit for that responsible station. It follows, from this, that the court erred in overruling the demurrer to the first specification.

We are asked by the defendant in error to look to other parts of the record, for the purpose of sustaining the judgment of the court below. The defendant in error is not complaining in this court, and therefore can not be heard to assign or suggest error. But as this cause must be sent back for further proceedings, we will express our opinion on those parts of the record which may hereafter become important.

The court did not err in striking out the second exception. It does not state facts upon which an issue could be taken, but conclusions from facts which are not stated. Instead of alleging that the guardian had an interest which conflicted with the interest of the ward, the facts themselves should have been stated, from which such supposed conflict arose. If, for example, the guardian set up an adverse claim to the ward's lands, the facts should have been stated, with

reasonable certainty, and would, doubtless, if true, be a good reason for displacing the guardian. We do not require the same certainty in this matter, as would be necessary to constitute a good special plea—but only so much precision as will enable the party to know what he is called on to contest.

It is stated by the judge, that the letters of guardianship which issued to Huie, were improvidently granted, and that the court had no juisdiction when the letters were granted. This is not properly a part of the record, but we feel no hesitation in saying that it would constitute a good ground for revoking the authority if it had been properly presented. It might have constituted one of the exceptions, and would thus have been directly put in issue.

As to the extent of the interest of the guardian in the wardship, or for what causes he may be removed, it would not be proper at this time, to express an opinion. We have no hesitation however, in saying, that he can not be capriciously removed. Such power is not vested in the judge of the county court,—and it would be most injurious to the ward, that it should be. It would, to a great degree, deprive the guardian of the power of exercising and enforcing those salutary restraints, which, though not agreeable to the mind of youth, are necessary to his future well being and prosperity.

The judgment of the court below must be reversed and the cause remanded for further proceedings, not inconsistent with the principles here laid down.