## EILAND, Judge, &c. v. CHANDLER.

1. No action can be maintained against a guardian, or his sureties, on his official bond, whilst the relation of guardian and ward subsists.
2. The removal of a guardian beyond the limits of the State, is a sufficient reason for severing the relation, and revoking the appointment.

Error to the Circuit Court of Perry.

DEBT by the plaintiff in error, for the use of William C. Har-lor, against the defendant in error, as surety of Elijah Harlor, guardian of William C. Harlor, on his bond in the penalty of one thousand four hundred dollars.

The declaration, after setting out the bond and condition, pro-ceeds to allege "that Elijah Harlor, as guardian aforesaid, did not well and truly perform the duties required of him by law, &c., in this, that the said Elijah Harlor did not deliver an inventory on oath of all the estate, real and personal, which he had received as such guardian, into the office of the County Court, within three months, &c., and so the said plaintiff says, the said Elijah wasted the estate of the said William.

" And the said plaintiff in fact saith, that the said Elijah, whilst acting as such guardian, to-wit, on the 30th of March, 1837, be-came, and was, possessed of the sum of $727 25, as principal, and the sum of $58 18 as interest on the same, the property of said minor ; and the plaintiff avers, that said Elijah, guardian as aforesaid, afterwards, to-wit, on the —— day of ——, removed beyond the limits of the State of Alabama, without settling his ac-counts as such guardian, with the Orphans' Court of Perry coun-ty.   By reason whereof, an action hath accrued to the plaintiff, to demand, and have of, and from the said defendant, the said sum of $1,400 above demanded, yet, &c."

To this declaration the defendant demurred, and the Court sustained the demurrer, and the plaintiff declining to plead over, judgment final was rendered for the defendant.

The judgment on the demurrer is now assigned for error.

DAVIS, for plaintiff in error.—The single question is, whether this action can be maintained against the surety, on the bond, no judgment having been had against the principal, he having left the State.   To show that the action can be maintained, I refer to 1 Call, 333 ; 6 Porter, 394.

THOMAS CHILTON, contra, insisted, that the declaration was too vague and uncertain to be sustained.   That it did not ap-pear whether the ward had attained his majority, or was still an infant, and if the latter, who was his guardian, as all infants must sue by guardian, or *prochein amie.*

ORMOND, J.—This is a suit against the sureties of a guardian, upon his official bond, by the Judge of the County Court for the use of the ward. No judgment has been obtained against the principal in the bond, but as an excuse for not ascertaining the amount in his hands, it is alledged that the guardian has wasted the assets, and absconded from the State.

At the time this suit was brought, our statutes did not provide any means for the settlement of a guardian's account, when he had left the State. This has been remedied by the act of 1843, [Clay's Dig. 230, § 47,] which authorizes the Judge of the Orphans' Court, when the executor, administrator, or guardian removes beyond the State, and fails to appear and settle his accounts, to state the account himself, and render a judgment against him *ex parte*.

We do not consider it necessary to enter upon the enquiry, whether, in this case, a sufficient excuse is not shown for not ascertaining the amount in the guardian's hands, previous to a suit on the bond, because so long as the relation of guardian and ward subsists, the latter cannot maintain an action at law against the former.

The removal of the guardian from the State was, doubtless a sufficient reason for severing that relation, and upon application to the Orphans' Court, the letters would have been revoked, and under the existing statute, upon application, the account can also be settled, after which no obstacle willl exist to a suit on the bond.

From this, it appears, the suit was prematurely brought, and the demurrer to the declaration was properly sustained.

Let the judgment be affirmed.