## COCKRELL *vs.* COCKRELL.

[APPLICATION FOR REVOCATION OF LETTERS OF GUARDIANSHIP.]

1. *Non-residence of guardian good cause of removal.*—The removal of a guardian from the State being declared by the statute a sufficient cause for the revocation of his letters, (Code, § 2037,) his non-residence at the time of his appointment is necessarily a good cause for his removal, without regard to the age of the ward, or to the refusal of the person afterwards nominated by him to accept the office of guardian.

APPEAL from the Probate Court of Franklin.

IN the matter of the petition of Washington P. Cockrell, an infant, suing by his next friend, for a revocation of the letters of guardianship formerly issued to Sterling R. Cockrell. The petition alleged, that the said Sterling R. Cockrell had removed to Tennessee since the grant of his letters, and was a resident of that State, and that the petitioner was over fourteen years of age; and he afterwards nominated O. O. Nelson as the guardian of his choice. The guardian appeared, and resisted the application; admitting the fact of his non-residence, but insisting that he had not removed from the State since the

time of his appointment; and Nelson also appeared before the court, and refused to act as such guardian. The court thereupon dismissed the petition, and its decree is here assigned as error.

J. B. MOORE, for appellant.

WILLIAM COOPER, *contra*.

R. W. WALKER, J.—One of the causes, for which the legislature has declared that the judge of probate must remove a guardian, is his removal from the State.—Code, § 2037. The provision that a guardian, who becomes a non-resident after his appointment, must be removed from his trust, necessarily implies that one who is at the time a non-resident should not be appointed. A fact which is declared to be a sufficient reason for the removal of a guardian, duly appointed, is, in the very nature of things, a sufficient reason for not bestowing the appointment in the first place. We have no hesitation in holding, that under our statutes, the appointment of a non-resident, as guardian of a ward residing in this State, is an improvident appointment, which it is the duty of the court to revoke, when proper application is made for that purpose. See Harris v. Dillard, 31 Ala. 191–2; Dupree v. Perry, 18 Ala. 41; Eiland v. Chandler, 8 Ala. 781; Speight v. Knight, 11 Ala. 461; Huie v. Nixon, 6 Porter, 77.

The Code provides, that "when the minor is over fourteen years of age, he may nominate a suitable person as his guardian, in person; or such nomination may be certified by any justice of the peace to the probate judge."—Code, § 2013. The ward in this case had reached the age of fourteen years, and nominated a guardian in the manner prescribed; but it appears that the person thus named was not willing to accept the trust. It may be true that, in the absence of some other sufficient reason for the revocation of his authority, the guardian of a ward, who has reached the age of fourteen years, should not be removed, until the ward nominates a suitable person who is willing to accept the appointment; and we might, perhaps, affirm the decree, if it had not been shown that there was ano-

ther legal cause for the removal of the guardian—namely, the fact that he was a non-resident. The letters of the guardian should have been revoked on this latter ground, without regard to the age of the ward, or the willingness of the person nominated by him to accept the trust.

Decree reversed, and cause remanded.