# Henderson *v.* Marx *et al.*

## Trespass de Bonis Asportavit.

1. *Declarations of agent; when properly excluded.*—It is not error to exclude evidence of the declarations of an agent offered against the principal, when it is not shown that they formed part of the *res gestæ,* or tended to explain any act of agency, which the agent was performing at or about the time of making such declarations.

2. *Charge; when properly refused.*—It is not error to refuse a charge which assumes as proved a disputed question of fact.

3. *Trespass de bonis asportavit; when not maintainable.*—In an action of trespass *de bonis asportavit,* if the original taking be not a trespass as against the plaintiff, the subsequent conversion of the property will not render the defendant liable.

[Henderson v. Marx et al.]

APPEAL from Marengo Circuit Court.

Tried before Hon. LUTHER R. SMITH.

The appellant, Henderson, brought trespass *de bonis asportavit* against the appellees, Isaac Marx and Henry Mounier, for the conversion of a mule. The plaintiff had executed a mortgage on the mule to secure a debt which he owed Marx. This mortgage authorized Marx, on default of payment, to take possession of the mule and sell him. The·law-day having passed and the debt not having been paid in full, Marx employed Mounier to get possession of the mule for him. Mounier got possession of the mule peaceably, and, as he testified, with plaintiff's acquiescence and consent, and afterwards delivered it to Marx, who sold it under the terms of the mortgage. The plaintiff, however, testified that he parted with possession unwillingly; that the mule was taken from him without his consent, he believing that Mounier, who, as was well known in that neighborhood, was town marshal and deputy sheriff, had a writ of attachment or other process, authorizing him to seize the mule. There was considerable and conflicting testimony as to the· circumstances of the taking, and the after conduct of the parties; but in the view the court took of the case it is unnecessary to refer further to it.

The plaintiff, among other things, "offered to prove by Charles Johnson that Jacob Marx, son and clerk of defendant Marx, called on plaintiff, at his house," on the day after the mule was taken, and "told him they would pay him $25 and a suit of clothes, if he would let them sell the mule, and that plaintiff declined the offer, stating that his attorney would settle the matter." On defendants' objection, the court refused to permit this testimony to be introduced, and ·plaintiff excepted. There was evidence that before the suit was brought, while Marx was in possession, the plaintiff made a tender of the amount due on the mortgage, with the exception of one or two items, which plaintiff claimed were not proper charges.

The plaintiff asked the following charges in writing: "If the jury believe from the evidence, that defendant, Marx, was in possession of plaintiff's mule and had a lien on said mule· for a debt due to him from the plaintiff, and before suit was brought the plaintiff tendered payment of the debt, then thereby the plaintiff acquired a possessory right to the mule, which, in connection with an unlawful or irregular taking by defendant, will support trespass, although there was no· wrongful intent on the part of defendant in the taking."

[Henderson v. Marx et al.]

The court refused to give this charge, and the plaintiff excepted.

W. W. DUGGER, for appellant.

J. T. JONES, *contra.*

STONE, J.—The Circuit Court did not err in excluding the evidence offered of declarations, or offer of settlement made by Jacob Marx, the clerk of appellee, Isaac Marx. The rule is, that "to render the admissions or declarations of an agent admissible as evidence against, or obligatory upon the principal, they must be explanatory of some cotemporaneous act within the scope of his authority, or made while in the execution of the agency, forming part of the *res gestæ.*"—1 Brick. Dig. 63, § 160.

In the present record there is no evidence that the alleged declaration of Jacob Marx accompanied, or tended to explain, any act of agency he was performing. In fact, the record does not inform us that he was doing any act, or that he had authority to do any act in connection with the controversy.

There may be another ground on which the evidence was not admissible, but we need not mention it.

The action in this case was trespass *de bonis asportavit.* The plaintiff asked the court to charge the jury "that if they believed from the evidence that defendant, Marx, was in possession of the mule, and had a lien on the mule for a debt due to him from the plaintiff, and before the suit was brought the defendant tendered payment of the debt; then thereby the plaintiff acquired a possessory right to the mule, which in connection with an unlawful or irregular taking by the defendant, will support trespass, although there was no wrongful intent on the part of the defendant in the taking." It was, probably, a sufficient reason for refusing this charge, that it assumed as a fact that there had been "an unlawful or irregular taking (of the mule) by the defendant." The testimony, if it tended to show the taking was unlawful or irregular, was not free from conflict, and the court could not assume it as a fact proved. But there is another ground which justifies the refusal: "If the original taking be not a trespass, as against the plaintiff, the subsequent conversion of the property will not make the defendant liable to this action."—*Davis v. Young,* 20 Ala. 155; *Gardner v. Campbell,* 15 Johns. 401; *Rowley v. Rice,* 11 Metc. Mass. 337.

Judgment of Circuit Court affirmed.