# Terry, *et al.* v. Williams.

## *Trespass for Taking Furniture.*

### (Decided June 30th, 1906.  41 So. Rep. 804.)

1. *Evidence; Res Gestae.*—In an action for trespass for removing furniture, defendant claimed to have had plaintiff's permission to remove it, evidence that at the time of the taking plaintiff was sitting in the corner crying, was competent as part of res gestae and as bearing on the question of consent.

2. *Trespass; Removal of Personality; Evidence.*—Evidence that defendants were pawn brokers and dealers in second hand furniture was admissible, where the issues was a claim by defendants that they owned the furniture removed by them by virtue of a conditional sales contract, and an insistence by plaintiff that the paper was executed to defendants was to secure a loan of money obtained by her of them.

3. *Trial; Order of Proof; Discretion.*—It is within the discretion of the trial court to allow evidence in rebuttal that might have been offered in chief.

4. *Same; Objection to Evidence; Time.*—After argument of counsel has begun it is too late to object to the admissibility of evidence offered on the trial.

5. *Same; Reading Evidence to Jury.*—Where certain receipts had been offered and received in evidence, counsel for plaintiff had the right to refer to them in argument, and to read them to the jury then for the first time.

6. *Trespass; Title; Burden of Proof.*—Plaintiff, in an action for trespass by taking personal property, is not bound to show that the legal title was in her or in any other person, the gist of the action being the disturbance of the possession.

7. *Same; Punitive Damages.*—Where there was evidence that the taking was done in a rude, wanton or reckless manner, and was accompanied by circumstances of aggravation and oppression, exemplary damages may be awarded in an action for trespass .

APPEAL from Bessemer City Court.
Heard before HON. B. C. JONES.

[Terry, et al. v. Williams.]

Action by Sallie Williams against Will Terry and others. From a judgment for plaintiff, defendants appeal.

This was an action for trespass for taking goods. No question was raised on the pleading. The tendencies of the evidence and the assignments of error are sufficiently set out in the opinion of the court. The defendant requested the following written charges, which were refused: "(1) I charge you, gentlemen of the jury, that the burden is on the plaintiff in this case to show that the title to the property is vested in her, and in no other person. (2) I charge you, gentlemen of the jury, that there can be no punitive damages recovered in this case." There was motion for new trial, based upon the refusal of the court to give these charges, and because the verdict was contrary to the evidence and excessive, which was overruled. The verdict and judgment was for $75.

PINKNEY SCOTT, for appellant.—(Counsel discusses assignments of error leading up to the charges refused to the defendant but cites no authority.) The plaintiff was not entitled to recover punitive damages in this case and the charges asserting this proposition should have been given.—*Burns v. Campbell*, 71 Ala. 271; *Lienkauf v. Morris*, 66 Ala. 406; *Thornton v. Kemp*, 98 Ala. 417.

W. S. WELCH, for appellee.—(Counsel discusses motion to dismiss bill of exceptions and cites authorities thereon but does not discuss the questions decided).

WEAKLEK, C. J.—The action is trespass for the wrongful taking of personal property. Before considering the assignments of error that are insisted on, it will be helpful to state the tendencies of the evidence. The plaintiff claimed and testified that one of the defendants (the two being partners) came to her house and without just cause or legal excuse and against her objection forcibly seized and carried away furniture which she had purchased from other parties and for which she had fully paid, while the defendants claimed they had sold her the furniture on credit, reserving title

and right to retake possession, without legal process, upon default in payment, and, furthermore, that for an admitted default she consented to the taking at the time they reclaimed the furniture.   In support of this theory, the defendants offered in evidence a writing purporting to be a lease contract from them to the plaintiff requiring her to make small monthly payments, and authorizing a taking of the furniture upon default.   The plaintiff admitted the execution by her of the writing, but testified it was made to secure a loan upon the furniture from the defendants, who were pawnbrokers as well as dealers in secondhand furniture, which loan she testified had been fully paid; and in support of her claim that she had purchased the furniture from Jeff Clay & Sons, and had paid therefor, she produced divers receipts from that firm for small payments on furniture account, which were admitted in evidence without objection.   The conflicting tendencies of the evidence obviously presented a controversy for the decision of the jury, and it was to the jury submitted, whose finding was favorable to the plaintiff.   We have only to decide whether any errors intervened, which require the judgment upon the verdict to be reversed.   We proceed to a consideration of those assignments of error that counsel for appellants has discussed in his brief:

1.   The defendants claiming that plaintiff had fully consented to the removal of the furniture, it was competent to prove in her behalf that at that time she was "sitting in one corner of the house crying."   This incident, so natural and probable on the part of a woman if she objected to the taking of her household goods, was a part of the res gestea, and had an important bearing upon the question of consent vel non, to which issue the court limited the evidence.

2.   As supporting plaintiff's contention that the writing introduced by defendants was executed by her to secure a loan of money, it was proper to allow her to prove they were pawnbrokers; that is, persons who loan money.   The answers to the question, which stated that they were both pawnbrokers and dealers in secondhand furniture, had a material bearing upon controverted questions of fact, and presented to the jury information

as to the business of the defendants that was proper for their consideration, in view of the conflicting evidence as to their dealings with plaintiff. A part of the answer was beneficial to them.

3. It was within the discretion of the trial court to allow evidence in rebuttal that might have been offered in chief.

4. The receipts from Jeff Clay & Sons were offered and admitted in evidence without objection or exception. It was of no consequence that they were not then read to the jury. It was, of course, too late to object to their admissibility after the argument of counsel had begun. Since the receipts were in evidence, counsel for plaintiff had the right to refer to them and to read them to the jury when making his argument. The statement of defendants' counsel when objecting to the reading of the receipts, that they had not been offered in evidence, that, if so, he did not hear the offer, and that had he heard the offer, he would have then objected can avail nothing in the face of the positive assertion in the bill of exceptions that the receipts were admitted in evidence; no objection to their admission at the time they were offered being shown.

5. The gist of the action of trespass is the disturbance of the possession, and the action is maintainable by one who may have a rightful possession alone or possession with a qualified title.—*Grisham v. Bodman*, 111 Ala. 194, 20 South. 514. The existence vel non of legal title in the plaintiff is, therefore, not always an important inquiry. If the defendants' evidence be accepted as true, they had the right to reclaim their property peaceably, and were not trespassers.—28 Am. & Eng. Ency. Law (2d Ed.) 563; *Street v. Sinclair*, 71 Ala. 110; *Burns v. Campbell*, 71 Ala. 271, 278. On the other hand, if they had no right to or claim upon the furniture, and plaintiff did not consent to its removal, as her evidence tended to show, then plaintiff could recover upon proof of her possession alone, whether the legal title resided in her or in some third person. Under these circumstances the court could not properly charge the jury that the burden of proof was upon plaintiff to show the legal title was in her; and much less could the court require her to show affirmatively that the legal title was "in no other person." Charge 1 was properly refused.

6. It cannot be asserted as a matter of law that a case was not made for punitive damages. In view of the tendencies of the evidence, favorable to the plaintiff, that inquiry was for the jury. The unlawful taking of personal property, perpetrated in a rude, wanton, or reckless manner, or accompanied by circumstances of aggravation or oppression, will authorize the imposition of exemplary damages against the wrongdoer.—*Burns v. Campbell,* 71 Ala. 271, 292, and numerous cases there cited.

7. What has already been said disposes of all the grounds assigned in the motion for a new trial and leads to the conclusion that no error was committed in overruling the motion. Finding no error, the judgment is affirmed.

Affirmed.

HARALSON, DOWDELL, and DENSON, JJ., concur.