{86 South. 390)

**JENKINS v. HOLLY et al.  (6 Div. 119.)**

(Supreme Court of Alabama.  Oct. 14, 1920.)

**1. Trespass ⬡⟳69—Mortgagor of leased premises not liable for taking of mortgagee's goods removed by lienholders.**

Where the owner of mortgaged premises rented them, storing in one room household goods subject to liens, the mortgagee is not liable, as for tortiously taking, because he was present when the lienholders removed the goods; the tenant who was the owner's agent having opened the room wherein they were stored.

**2. Trover and conversion ⬡⟳1—Mortgagor of leased premises held not guilty of conversion of lessor's household goods.**

Declaration of ownership unaccompanied by some act with respect to the control of chattels, does not amount to a conversion, and hence though defendant who held a mortgage on plaintiff's residence declared he was the owner of household goods and having a key to the room in which they were stored opened it, but disturbed none of the goods, will not establish a conversion, nor will the fact defendant assisted the agents of lienholders in loading the goods seized under their claims, where there was no interference with the goods or disturbance of the custody of plaintiff's lessee and agent who permitted lienholders to take them.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by Mary and Ike Holly against J. A. Jenkins, in trover and conversion. Judgment for the plaintiffs, and defendant appeals. Transferred from Court of Appeals under section 6, p. 450, Acts 1911. Reversed and remanded.

Count 1 is for wrongfully taking the following goods and chattels, the property of the plaintiffs, and count 4 is for the conversion of the following goods and chattels, the property of the plaintiffs (a list of which is set out in the complaint).

Estes & Jones, of Bessemer, for appellant.

It was not the duty of the defendant to interfere with or interpose any objection to the lienee's retaking property on which they had a claim, and his failure to do so did not constitute trover conversion. 71 Ala. 110. There could not be a joint recovery. 182 Ala. 633, 62 South. 40; 198 Ala. 642, 73 South. 958. The facts in the case will not support a judgment on the counts. Authorities supra.

Huey & Welch, of Bessemer, for appellees.

Counsel discusses the assignments of error, and insists that the authorities cited by appellant are without application to the facts in this case; but he cites no authority in support thereof.

McCLELLAN, J.  From a judgment for plaintiffs (appellees) this appeal is prosecuted. The case of the plaintiffs went to the jury upon the issues made by a general traverse of the averments of counts 1 and 4; the former count declaring upon a wrongful taking of certain household effects, "the property of the plaintiffs," and the latter for the conversion of the chattels, "the property of the plaintiffs." There was evidence, given by one of the plaintiffs, in support of this allegation of ownership. The insistence in brief for error on that account is, hence, not well taken.

[1] Ike and Mary Holly lived in a dwelling near Bessemer on which the defendant (appellant) held a mortgage, several installment notes secured thereby being past due. Ike went to Kentucky, and Mary soon followed. She stored the household effects in one room of the building and rented the other rooms to a negro named Booker; and when she left gave the key to the storage room to Booker, thus putting the furniture, etc., in the custody of Booker. Mary testified that she "turned all the keys over to him [Booker]," and "left him to look after everything"; and that she went to see defendant (appellant) and advised him that Booker was in charge of everything, defendant agreeing to collect the rent from Booker and apply it to the mortgage debt on the real estate. There was evidence in conflict with this statement of defendant's agreement. When the plaintiffs returned, defendant had foreclosed his mortgage, and the chattels stored in the room had been removed. A great deal of these chattels was subject to liens in favor of other persons or concerns; and these lienees or title retainers had taken the property subject to their claims. It was not shown on the trial that this defendant was in any way legally accountable for the taking by these lienees or title retainers of the chattels stored and committed to the custody and charge of the agent of the plaintiffs; no force, violence, or other improper conduct attending the act of taking. Street v. Sinclair, 71 Ala. 110.

[2] We do not find in this record any evidence tending to support either the averment that the defendant tortiously "took" the other chattels stored in the room, or that defendant "converted" them. These items of evidence appear to be all that an argument to the contrary could be rested on, viz.: (a) That defendant declared, while the goods were in the room (after plaintiffs left), that they belonged to him; (b) that on one occa-

---

⬡⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

sion he had a key to the storage room and opened it, but disturbed none of the goods; and (c) that defendant was present, came with the wagons, when lienees' or title retainers removed that part of the goods from the storage room (the door thereto being voluntarily opened by the custodian to whom plaintiffs committed the key and its charge), and assisted agents of these lienees or title retainers in loading the part taken away under their claims of liens or title. A "conversion" has been acceptably defined by this court in Bolling v. Kirby, 90 Ala. 215, 7 South. 914, 24 Am. St. Rep. 789, and in Davis v. Hurt, 114 Ala. 146, 150, 151, 21 South. 468. It is not necessary to reproduce the definition there given. It has been well decided that mere declarations of ownership—unaided or uncomplemented by some "act," with respect to the control or dominion of the chattel against the true owner's right, giving color and effect to such declaration—are not a "conversion." Fernald v. Chase, 37 Me. 289, 291; Hale v. Ames (Ky.) 2 T. B. Mon. 143, 15 Am. Dec. 150 et seq., with note on pages 151–153; and other authorities cited in Rogers v. King, 151 Ala. 631, 632, 44 South. 655. Judge Freeman's note (15 Am. Dec. 152) affords this pertinent, discriminative statement:

"The owner's loss, and not the wrongdoer's gain, is the point chiefly regarded. It is the interference with the owner's prerogative of doing what he will with his own, that constitutes the chief element in the wrong."

The evidence discloses no such act, however affirmative the declarations, as would warrant the conclusion that defendant converted the property of the plaintiffs. There is no evidence that he took possession thereof from plaintiffs' custodian. There is no evidence that the owner's prerogative or that of the owner's agent was interfered with by defendant. The fact that defendant had a key to the room and opened the door did not amount to an assumption of control or dominion, particularly when plaintiffs' custodian had a key to the storage room. It results from these considerations that defendant was erroneously denied the general affirmative charge against a recovery under the "trover" count.

The other count was likewise without support in the evidence. The indicated phases of the evidence did not tend to establish a "taking" of the property of plaintiffs or any part of it, as alleged in the first count. The plaintiffs were not entitled to recover on that count.

For the errors noted, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes