**POLLARD v. POLLARD et al. (7 Div. 300.)**

(Supreme Court of Alabama. April 6, 1922.)

**1. Trial ⊛═169—Directed verdict proper only when there is no evidence to establish plaintiff's case.**

It is only when there is no evidence to establish plaintiff's case as made by the counts that a directed verdict for defendant is proper.

**2. Trover and conversion ⊛═9(12)—Borrower's failure to return property on demand held not a conversion.**

Where a chair was loaned to defendant who failed to return it on demand, and retained it for repairs, he was not liable for conversion.

**3. Trover and conversion ⊛═9(12)—Mere failure to deliver on demand not conversion.**

Mere failure to return property on demand is not conversion, but there must be tortious acts as distinguished from nonfeasance, neglect of legal duty, or failure to perform a contract obligation, whereby the property is lost or destroyed.

---

⊛═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Parent and child ⬳8—Parent may protect child's property.**

Where a minor lives with her mother and there is no emancipation or statutory guardianship, the mother may, while holding possession, protect the minor's property, but is liable for tortious acts interfering with possession or title.

**5. Trespass ⬳1—"Trespass" defined.**

"Trespass" is the unlawful or wrongful interference with the possession of another; the gist of the action being the disturbance of possession.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Trespass.]

**6. Trespass ⬳6—Conversion after rightful taking not trespass de bonis asportatis.**

If the original taking of property is not a trespass, its conversion will not create liability in trespass de bonis asportatis, since defendant was not a trespasser ab initio.

**7. Guardian and ward ⬳35—Parent and child ⬳8—Guardian of the person has no inherent authority over ward's estate.**

Although the law recognizes the parents of a minor as the natural guardians of his person, a guardian by nature or for nurture at common law has no inherent right to the possession or control of the ward's estate, and the effect of Code 1907, § 4339, is to require special appointment of a parent before he can lawfully assume control of estate.

**8. Parent and child ⬳8—Borrower of minor's property loaned by parent not guardian of property is liable in trespass.**

In an action by a minor, whose wheeled chair was loaned to defendant by plaintiff's widowed mother, who lived with her, but had never been appointed guardian of the property, an affirmative verdict for defendant was improperly instructed upon a count of trespass, since the mother, while having authority to protect plaintiff's property, could not create a bailment extending to plaintiff.

Appeal from Circuit Court, Cherokee County; O. A. Steele, Judge.

Action by Rosie M. Pollard against D. B. Pollard and another in trespass and conversion of one wheel or rolling chair. Judgment for the defendants, and plaintiff appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 450. Reversed and remanded.

The defense set up was the general issue, and that one of the defendants having at the time an afflicted son went to the home of the plaintiff and borrowed from the mother of the plaintiff the wheel or rolling chair referred to for the use of said afflicted son, making known to the plaintiff or to those from whom he received possession of the chair the intended use that was to be made of the chair. The plea further avers that no other use was made of it than that for which it was borrowed, but that in the use thereof some repairs became necessary, and that pending the making of said repairs and before the commencement of this suit plaintiff went to see defendant regarding the chair, whereupon she was advised of the making of said repairs, and defendant stated to plaintiff that as soon as repairs were made the chair would be returned to the plaintiff without cost for repairs to plaintiff. The plea also avers the readiness and willingness to deliver the chair, an offer to deliver the chair to plaintiff before suit brought, and the bringing of the chair into court in as good condition as when received, ordinary wear and tear excepted.

The plaintiff testified in effect that she was a minor living with her mother, that she purchased the rolling chair in question and used it for a little while, and that she bought the chair with her own money and for her own purposes, and that she did not lend it to Pridgen or her brother, but knew soon after that her mother had loaned it to Pridgen, and that she permitted him to keep it 10 months before saying anything to them about it.

The other facts sufficiently appear.

R. F. Conner, of Center, for appellant.

Both parties were liable under the count in trespass. 26 A. & E. Ency. of Law, 575, 602, 603. The right of action in trover or conversion existed under the facts in this case. 55 Ala. 266. The mother was without authority to dispose of the property of the minor. 8 Port. 197; 6 Port. 77; 56 Ala. 152. It follows that the court erred in directing a verdict for the defendant.

Hugh Reed, of Center, for appellees.

The transaction was simply a bailment or a loan. 148 Ala. 468, 41 South. 804; 57 Ala. 169. There was no evidence of a conversion. 90 Ala. 255, 7 South. 910; 114 Ala. 146, 21 South. 468; 124 Ala. 596, 26 South. 918. The court therefore properly directed a verdict for the defendant.

THOMAS, J. The suit, in counts for trespass and trover, resulted in judgment for defendant.

[1] The general affirmative charge in writing was given at defendant's request. As to when affirmative instruction with hypothesis may be given has been frequently discussed by this court. It is only where there is no evidence tending to establish plaintiff's case as made under the counts of complaint in question that the court may direct a verdict for defendant as to such count. McMillan v. Aiken, 205 Ala. 35, 40, 88 South. 135.

Appellant's counsel, stating his insistence, says:

---

"That Pridgen's holding after appellant wrote him she wanted the chair or something done about it was unlawful, and was a conversion; that after she saw him * * * and told him that she wanted the chair or pay for it; that his holding thereafter was an unlawful conversion; that after she saw him in June and after she discovered the condition the chair was in and demanded pay for it."

Any holding after these demands was in effect a conversion. Such is not a correct statement of the law of conversion. Davis v. Hurt, 114 Ala. 146, 21 South. 468; Jenkins v. Holly, 204 Ala. 519, 86 South. 390; Churchill v. Walling, 205 Ala. 508, 88 South. 582.

[2] As to the count in trover, there was no evidence that defendants claimed and exercised a hostile ownership in the chair, or intermeddled with, or exercised dominion over it in such wise as that it was subversive of the dominion or a denial of the rights of the true owner, but that there was at all times a recognition of plaintiff's ownership. Bolling v. Kirby, 90 Ala. 215, 7 South. 914, 24 Am. St. Rep. 789; Davis v. Hurt, supra; Jenkins v. Holly, supra; Conner v. Allen, 33 Ala. 515; Freeman v. Scurlock, 27 Ala. 407; Pope v. Union Warehouse, 195 Ala. 309, 70 South. 159. Nor was it shown that during the time of its loan the chair was permitted to be put to a different use than that for which it was borrowed (Cartlidge v. Sloan, 124 Ala. 596, 26 South. 918; Ocean S. S. Co. v. People's Shoe Co., 202 Ala. 594, 81 South. 241), or that it was at any time misdelivered or used by another person, than him to whom it was loaned for use (Sou. Rwy. v. Harris, 202 Ala. 263, 80 South. 101; Allen v. Jacob Dold Packing Co., 204 Ala. 652, 86 South. 525). Hence there was no conversion.

[3] In Davis v. Hurt, supra, it was declared that the mere failure to deliver on demand does not constitute conversion; there must be a positive, tortious act as distinguished from nonfeasance or neglect of legal duty, or failure to perform an act made obligatory by contract, whereby the property was lost or destroyed. Jenkins v. Holly, supra; Churchill v. Walling, supra.

It is without dispute that defendants took the chair to the home where an afflicted boy for whom it was borrowed used it for about six months; that it became more or less injured—a fact that was made known to plaintiff when she indicated a desire that something "be done about the chair." Defendant proceeded to replace or repair the injured parts, not for his own benefit, but for the benefit of the owner. Notwithstanding there was some delay in its return, there is no reasonable inference that may be drawn from the evidence that defendant made any claim of ownership or sought to exercise it contrary to the title or the expressed desire of the plaintiff.

It follows that there could be no recovery for conversion, and the affirmative charge was properly given under the issues of fact made by the evidence pursuant to the second count.

[4] Does a consideration of the evidence and reasonable inferences to be drawn therefrom make a jury question under the first count charging trespass? As between the mother of plaintiff and the defendants, a case of bailment extended to and bound plaintiff, a minor, only in event the mother had such right of property and its possession as to authorize the loan.

[5] No emancipation or existence of a guardianship under the statute was shown of the plaintiff, a minor, living with the widowed mother. That she had the ownership and possession of the chair in question is also established by the evidence. It may be assumed that there is well-considered authority to the effect that a parent may, in that capacity, protect the personal property of the child when it has come into the child's possession during minority. Poston v. Young, 7 J. J. Marsh. (Ky.) 501; Smith v. Williamson, 1 Har. & J. 147. It does not follow from this that in such capacity the parent may do a positive or tortious act, as interfering with the possession or affecting the title of the minor to the property. If this is true, may such parent give consent to its loan or temporary disposition in such wise as to create a bailment that would prevent the borrower from becoming a trespasser in securing possession under such circumstances?

[6] Trespass is the unlawful or wrongful interference with the possession of another; the gist of the action being the disturbance of the possession. Terry v. Williams, 148 Ala. 468, 41 South. 804; Henderson v. Marx, 57 Ala. 169, 19 L. R. A. (N. S.) 606, note.

[7] If the original taking of personal property be not a trespass as against the plaintiff, its subsequent conversion will not render a defendant liable in an action of trespass de bonis asportatis, since he was not a trespasser ab initio. 3 Blackstone's Comm. 150, 157; Davis v. Young, 20 Ala. 151, 155; Henderson v. Marx, supra; Ryan v. Young, 147 Ala. 660, 41 South. 954.

[8, 9] A general statement of the law has been made that a guardian cannot be appointed for a minor whose natural protector is living, as, for instance, the husband of an infant wife, provided such husband is of age and under no disability, or the father of his legitimate children, where such father may act as natural guardian, or the mother of her illegitimate offspring. 21 Cyc. 21 (B). The early decisions of this court were to the effect that no appointment of a guardian will be made where the father may act as natural guardian or is authorized by law to receive and account for the property of his child. Hall v. Lay, 2 Ala. 529; Wood v.

Wood, 3 Ala. 756. This was contrary to the still earlier decision of Isaacs v. Boyd; 5 Port. 388; Huie v. Nixon, 6 Port. 77; Heirs of Capal v. McMillan, Adm'r, 8 Port. 197. The rule later stated in this jurisdiction was that, although the law recognizes the parents of a minor as the natural guardians of his person, and at one time of his estate (Hall v. Lay; Wood v. Wood, supra), if the minor have·independent property, security must be given in the same manner as though a stranger were appointed (Lang v. Pettus, 11 Ala. 37, 40; Alston v. Alston, 34 Ala. 15). Such was the common-law doctrine, though at one time thought to be different (Philips v. Paget, 2 Atk. 80), that a guardian by nature or for nurture (1 Black. Comm. p. 461; 6 Mod. Am. Law. p. 185, § 140) has the right of custody of the ward's person only, and has no right to the possession or control of the ward's estate (Heirs of Capal v. McMillan, supra; 2 Kent's Comm. pp. 220, 221). This is the effect of the later decisions of Alston v. Alston, 34 Ala. 15; Nelson v. Goree's Adm'r, 34 Ala. 565, 581; Nelson v. Beck, 54 Ala. 329, 336. And such is the effect of Code, § 4339, being the same as section 2014 of the Code of 1852, construed to be of this effect by Judge Stone in Nelson v. Goree's Adm'r, supra.

There was error in giving the general affirmative charge for defendants as to the first count in trespass.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.