**GILES v. WOODS. (1 Div. 360.)**

(Supreme Court of Alabama. March 19, 1925.)

**1. Guardian and ward ⊙⇒117—Rule that settlement required before ward may sue guardian for money received by latter held inapplicable.**

The rule that a ward cannot recover money paid to another as his guardian until there has been a settlement to ascertain balance due ward *held* inapplicable to a sister of a soldier

who received allotments from him under War Risk Insurance Act, § 201 (U. S. Comp. St. Ann. Supp. 1919, § 514o), to be paid to soldier's infant child.

**2. Money received ☞6(5)—Sister of soldier receiving allotments as guardian of soldier's minor child held required to account to child therefor.**

Where a soldier under mandatory terms of War Risk Insurance Act, § 201 (U. S. Comp. St. Ann. Supp. 1919, § 514o) made a monthly allotment to his sister as guardian of his minor child, and such sister, in alleged ignorance of her real status and ownership of allotments she received, disposed of them as her own, *held* that she was liable to such minor child therefor, and was not relieved from liability by returning it to her soldier brother.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Action by Mae Frances Woods, by her next friend, Laurelia Watts, against Hattie Giles. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 7326, Code of 1923. Affirmed.

McMillan & Grove, of Mobile, for appellant.

Plaintiff cannot maintain this action until the guardianship is settled. Eiland v. Chandler, 8 Ala. 781; Lee v. Lee, 55 Ala. 590; Chapman v. Chapman, 32 Ala. 106; Garrett v. Garrett, 69 Ala. 431. If the defendant, in good faith, restored the money to her brother, before she was notified of the rights of plaintiff, no action can be maintained against her. Nelson v. Iverson, 17 Ala. 216; Hudmon v. Du Bose, 85 Ala. 446, 5 So. 162, 2 L. R. A. 475.

Elliott G. Rickarby and Harry Pillans, both of Mobile, for appellee.

The money was paid to defendant for plaintiff, and defendant is liable for its conversion in an action for money had and received. Vincent v. Rogers, 30 Ala. 471; Id., 33 Ala. 224; King v. Martin, 67 Ala. 177; Christie v. Durden, 205 Ala. 571, 88 So. 667; Steiner Bros. v. Clisby, 103 Ala. 181, 15 So. 612; 2 Mayfield's Dig. 251. Defendant was charged with notice that the allowance was for the benefit of the plaintiff. 1 Elliott, Evi. 122, § 96; 2 Stark, Evi. 729; Butler v. Livingston, 15 Ga. 565. The allotment to the child was compulsory. War Risk Ins. Act, § 206; 9 Fed. Stats. Ann. p. 1315.

SOMERVILLE, J. Counts 1 and 2 of the complaint are the common counts for money had and received and account stated, and counts 3 and 4 set up the facts showing how the defendant received the money claimed, and the nature of plaintiff's right thereto.

The facts of the case are substantially without dispute. Prior to and following October 1, 1918, John Brenton Woods was a soldier in the United States Army, and had a wife and a child seven years of age living in Birmingham, Ala. Pursuant to the Act of Congress approved October 6, 1917 (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. § 514nnnn et seq.), this soldier filed his application with the veterans' bureau for family allowance and allotment of pay, and an award was made thereon directing payment and specifying the allottee as "Hattie Jiles (Gdn. for 1 c)"—meaning "Hattie Jiles, as guardian for one child."

The first allotment check for $15.47, was drawn on October 1, 1918, payable to the order of Hattie Jiles, "Gdn. for 1 c of Johnie Brenton Woods." Thereafter allotment checks were drawn on the 1st day of each month down to and including August 1, 1919, payable to Hattie Jiles, but only those for April and August bore the memorandum indorsement "Gdn. for 1 c of Johnie Brenton Woods."

The defendant collected these several checks, amounting to $241. Her testimony is that she was expecting an allotment herself, on account of her brother, and that she did not notice the indorsement on the first check, or either of the later ones, and that she thought she herself was the beneficiary, and did not know the payments were intended for her brother's child, the plaintiff. She asserts that she had no knowledge that she was designated by the bureau as guardian of her brother's child.

As to the disposition of the fund in question, she says that she kept all of it until her brother, the soldier, was discharged from the Army, and upon his return to Alabama she gave him all but $100 of it; and that balance she expended in bringing home his remains when he died a little later in Michigan. Beyond controversy, the money thus paid to defendant was the property of this plaintiff, but defendant denies liability upon two distinct theories: (1) If the money was in fact paid to defendant as guardian and trustee, then the plaintiff, as ward, cannot recover in this action at law, because there has been no settlement to ascertain the balance due to the ward. (2) If defendant in good faith restored the money to her brother, before she was notified of plaintiff's rights therein, even though the money belonged to plaintiff, defendant is not liable therefor.

[1] The first proposition is of course correct where the legal relation of guardian and ward exists. Eiland v. Chandler, 8 Ala. 781; Chapman v. Chapman, 32 Ala. 107; Lee v. Lee, 55 Ala. 590. It can have no application, however, where there is no legal guardianship. Defendant never was the guardian of plaintiff, but was at most an agent merely

---

for the reception and delivery of these allotments as paid by the government.

[2] In support of the second proposition, defendant relies on the principle laid down in Nelson v. Iverson, 17 Ala. 216, 223:

"If the bailee have the temporary possession of property, holding the same as the property of the bailor and asserting no title in himself, and in good faith in fulfillment of the terms of the bailment, either as expressed by the parties or implied by law, restores the property to the bailor before he is notified that the true owner will look to him for it, no action will lie against him, for he has only done what was his duty."

But the facts in this case do not bring defendant within the protective operation of that principle. She did not receive or hold the money as the property of a bailor, but regarded it as her own, if we take her testimony as true. Her brother was not a bailor of the money, nor was he entitled to receive it back after its appropriation by the government to the use and benefit of the minor child—this plaintiff. The allotment was compulsory under War Risk Insurance Act, § 201, 9 Fed. St. Ann. p. 1312 (U. S. Comp. St. Ann. Supp. 1919, § 514o), and delivery to the defendant was in legal effect a delivery to the child, whereafter no element of a bailment existed.

If defendant did in fact remain in ignorance of the ownership of the money, that would protect her from criminal liability for its conversion, but certainly not from civil liability; for, in howsoever good faith she may have acted, she must be held accountable when she has in fact disposed of another's property without authority to do so.

But the trial court may very well have found, from the circumstances of the case, including the indorsements on the initial and later payments, that defendant knew, or was chargeable with notice, of the real status and ownership of the payments she was receiving. The point is made that the government is seeking to recover of defendant a part of the payments made to her, amounting to $63.33, and hence, as to that sum, the judgment is excessive and should be corrected.

We are not satisfied from the evidence in the record that any part of this money was paid to defendant other than as allotment for the child, and find no justification for the deduction claimed. It is immaterial whether counts 3 and 4 were defective and subject to demurrer. The common count for money had and received was applicable to the evidence, and no other count was needed.

We find no error in the record, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.