SHORES, Justice.
Bama Clay Smith died in a helicopter accident on Christmas Day, 1984. She left a will, in which she appointed her father and mother, Edward Clay Smith and Shir *1085 ley A. Smith, as executors of her estate and also appointed them as guardians of both the person and property of her minor child, Daniel Clay Tribble, aged seven at the time of her death.
The Smiths filed a petition to admit the will to probate and for their appointment as executors thereunder in the Probate Court of Limestone County.
The minor son of the decedent, Daniel Clay Tribble, by and through his father and next friend, Ronald A. Tribble, filed a petition opposing the appointment of the Smiths as executors and asked the court to appoint Ronald A. Tribble administrator ad litem to prosecute all claims arising out of the death of Bama Clay Smith.
This petition alleged, and it is not disputed, that Bama Clay Smith and Ronald A. Tribble were husband and wife until they were divorced in 1979. It also alleged, and it was not disputed, that at the time of Bama’s death, Ronald had custody of the minor child, pursuant to a decree of the Circuit Court of Limestone County.
Ronald A. Tribble asserted that Edward Clay Smith had a conflict of interests which would prevent the executors from adequately pursuing the wrongful death claim of their daughter against the owner of the helicopter, Executive Air, Inc., because Smith was appointed as a member of the Pryor Field Airport Authority in 1985, and it was at Pryor Field that the helicopter’s owner was based at the time of the accident.
The proceeding was transferred from the probate court to the circuit court, and a hearing was held on the petitions. The trial court entered its order, holding that the Smiths were due to be issued letters testamentary as executors under the will of their daughter, and Ronald A. Tribble’s petition for appointment as administrator ad litem was denied. The court found, after considering all of the evidence, that there was no adverse interest between the estate and the executors within the meaning of § 43-2-50, Code of Ala.1975, and therefore, that the petition for appointment of an administrator ad litem was due to be denied.
Finally, the court held that § 26-2-22, Code of Ala.1975, providing for the preference of the father in the appointment of letters of guardianship, and § 26-2-23, providing for the creation of a testamentary guardianship, were in conflict. The court then held that the father, having been awarded custody of the child by the circuit court in the divorce decree, was entitled to preference and appointed Ronald A. Tribble as guardian of the estate of his minor son and denied the petition of the Smiths for appointment as testamentary guardians of the estate of the minor.
Both sides appeal. Tribble contends that the court erred in denying his petition for appointment as administrator ad litem. The Smiths contend that the court erred in refusing to appoint them testamentary guardians of the estate of their grandson as provided by the will of their daughter.
We affirm the trial court’s order denying Tribble’s appointment as administrator ad litem to pursue the wrongful death action.
Section 6-5-410, Code of Ala.1975, authorizes a personal representative to commence a wrongful death action. The words “personal representative,” when used in this statute, mean the executor or administrator of the testator or intestate. Hatas v. Partin, 278 Ala. 65, 175 So.2d 759 (1965).
Section 43-2-250, Code of Ala.1975, provides for the appointment of an administrator ad litem of an estate only: *1086 Edward Clay Smith is a member of the Pryor Field Airport Authority. The Authority leases the fixed base operations for Pryor Field. Executive Air, the owner of the helicopter in which the decedent died, is a sub-lessee of the Authority. Tribble contends that this connection between the executor, Mr. Smith, and the potential defendant, Executive Air, constitutes an interest adverse to that of the estate of the minor, Daniel Clay Tribble, and the wrongful death claim. We cannot agree. This Court has rarely considered § 43-2-250 and its predecessors. Most of the cases have involved an executor or executrix with a personal pecuniary interest which adversely affects the estate. Flomerfelt v. Siglin, 155 Ala. 633, 47 So. 106 (1908); Castleberry v. Hollingsworth, 215 Ala. 445, 111 So. 35 (1927); Faulk v. Money, 236 Ala. 69, 181 So. 256 (1938). In Flomerfelt v. Siglin, supra, the Court held that a widow, acting as executrix of the estate of her husband in an equitable partition, had a conflict of interest when she asserted her dower rights in the proceeds of the action.
*1085 “When, in any proceeding in any court, the estate of a deceased person must be represented, and there is no executor or administrator of such estate, or he is interested adversely thereto, it shall be the duty of the court to appoint an administrator ad litem of such estate for the particular proceeding, without bond, whenever the facts rendering such appointment necessary shall appear in the record of such case or shall be made known to the court by the affidavit of any person interested therein.”
*1086 Under the evidence, the trial court was justified in holding that there was no interest adverse to the estate which prevented the Smiths from maintaining the action for the wrongful death of their daughter. Therefore, the judgment of the trial court in refusing the appointment of Tribble as administrator ad litem is affirmed.
The trial court’s order denying the appointment of the Smiths as testamentary guardians of the estate of their grandson is reversed.
Section 26-2-22, Code of Ala.1975, provides as follows:
“When the minor has an estate in his own right, a guardian must be appointed for him, and his father, if a suitable and proper person and willing to give bond and qualify as guardian, is entitled to a preference.
“If the guardian be other than the father or mother, no such guardian can exercise any control over the person of his ward during the life of the father or during the life of the mother if the ward is a girl or a boy under the age of 14 years.”
In her will, Bama Clay Smith appointed her mother and father as joint guardians of the person and property of Daniel Clay Tribble. Section 26-2-23, Code of Ala.1975, provides for the appointment of a testamentary guardian:
“Guardians may be appointed by the last will and testament of the father or mother, ... but the surviving parent is entitled to the custody of the person of the ward. If any person other than the person named as guardian in the will shall have been appointed guardian, the court of probate, upon petition of the person named as guardian in the will, shall cite the appointed guardian to make a final settlement. The court of probate shall thereupon appoint the person named in the will to serve as guardian under the terms of the will.”
The trial judge read these statutes together and, after finding the provisions in conflict, appointed Ronald A. Tribble guardian of the estate of his minor son. In Stafford v. Stafford, 299 Ill. 438,. 132 N.E. 452 (1921), cited by the trial court, the parents of a minor child were divorced and the will of the deceased mother provided that the court appoint a guardian of the person and property of her son. The court appointed the deceased’s sister, Mary Duggan, as guardian. On appeal, the court awarded custody of the child to his father, but the guardianship of his property remained with his aunt. The Illinois Supreme Court affirmed this action, relying on an Illinois statute providing that:
“The guardianship of the infant’s estate may be appointed to one, and the custody and tuition of the minor to another.”
Hurd’s Stat.1917, c. 64, § 6, as cited in Stafford v. Stafford, 299 Ill. at 444, 132 N.E. at 454 (1921).
In the present dispute, the trial court misinterpreted §§ 26-2-22 and 26-2-23. Section 26-2-23 authorizes a testator parent to appoint whomever he or she *1087 chooses as the guardian of the estate of a minor child. Section 26-2-22 applies in those instances when no guardian is mentioned in the will or when the deceased dies intestate. The language of Pollard v. Pollard, 207 Ala. 270, 92 So. 488 (1922), is informative.
“The rule later stated in this jurisdiction was that, although the law recognizes the parents of a minor as the natural guardians of his person, and at one time of his estate, if the minor have independent property, security must be given in the same manner as though a stranger were appointed. Such was the common-law doctrine, though at one time thought to be different, that a guardian by nature or for nurture has the right of custody of the ward’s person only, and has no right to the possession or control of the ward’s estate. This is the effect of the later decisions of Alston v. Alston, 34 Ala. 15 [(1859)]; Nelson v. Goree’s Adm’r, 34 Ala. 565, 581 [(1859)]; Nelson v. Beck, 54 Ala. 329, 336 [(1875)]. And such is the effect of Code, § 4339, being the same as section 2014 of the Code of 1852, construed to be of this effect by Judge Stone in Nelson v. Goree’s Adm’r, supra.” (Citations omitted.)
207 Ala. at 273, 92 So. at 490 (1922).
Tribble is entitled to retain the custody of his son, but the estate of the child, including any sums received from his mother’s estate, is to be maintained and supervised by his grandparents, the Smiths. We also affirm the holding of the trial court that the Smiths, as executors of the estate of Bama Clay Smith, are the personal representatives of the estate for the purpose of bringing the wrongful death suit.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C.J., and JONES and ADAMS, JJ., concur.
MADDOX, J., concurs specially.