# Newell v. The State.

*Indictment for Carrying Concealed Weapon.*

109    5
118  136

1. *Carrying pistol concealed about the person; opportunity of witness to see, charge as to.*—On the trial under an indictment for carrying a pistol concealed about the person, a witness for the State testified that he and the defendant were near and facing each other, and that he did not see the pistol, and that the defendant walked off to and behind a tree, and then turned around with the pistol in his hand The defendant testified that he had the pistol in front, the barrel below the waistband of his pants, with the cylinder and handle above his pants, not concealed, but open to view; that the strap of his suspenders passed through the guard of the pistol; that he walked towards the tree for the purpose of freeing the pistol from his suspenders. *Held*, that it was error to refuse a written charge requested by the defendant that "if a witness says he did not see a thing, in determining how much weight should be given to such statement, the jury should consider how much opportunity the witness had to see, in connection with all other evidence in the case."

2. *Refusal to repeat charge already given.*—It is not error to refuse to repeat a charge which has already been given.

APPEAL from the City Court of Bridgeport.
Tried before Hon. WM. L. STEPHENS.

TALLY & PROCTOR, for appellant.

WM. C. FITTS, Attorney-General, for the State.

COLEMAN, J.—The prosecution was for the offense of carrying concealed about the person a pistol. A witness for the State testified, in substance, that he and defendant were engaged in a quarrel, and "were near and facing each other, and that he did not see the pistol," that defendant walked off to and behind a shade tree, and then turned around with the pistol in his hand. The defendant testified, that he had the pistol in front, the barrel below the waistband of his pants, with the cylinder and handle above his pants, that the strap of his suspenders passed through the guard of the pistol which held it in place, and that he walked towards the tree for the purpose of freeing it from the suspenders, and that the cylinder and handle were not concealed, but open to view. This sufficiently states the evidence to raise the question presented by charge 2, requested by the defendant, and which was refused. It reads as follows : "If a witness says he did not see a thing, in determining how much weight should be given to such statement, the jury should consider how much opportunity the witness had to see in connection with all the other evidence in the case." We do not perceive any error in the charge. The "thing" mentioned in the charge evidently had reference to the pistol. The testimony of the State, standing alone, authorized a conviction. The testimony of the defendant authorized a contrary inference. The charge simply declared a rule of law to be observed in weighing evidence when there were facts from which contrary conclusions might be deduced. The same principle would apply if the charge was intended to refer to the testimony of other witnesses, who testified that they saw the defendant also, but did not see the pistol until the defendant turned at the tree. Charge No. 5 requested had been given by the court There was no error in refusing to repeat the charge. For refusing charge 2, the case is reversed.

Reversed and remanded.