[Norwood v. The State.]

# Norwood v. The State.

### *Indictment for Carrying Concealed Weapons.*

1. *Criminal law; ill will of witness; charge in reference to weight of the evidence.*—While the bias or ill will of a witness should always be considered by a jury in weighing his evidence, it is not the province of the court to instruct the jury that but little or no credence should be given the testimony of a witness, because of his ill will; the jury being the sole judges of the weight of such testimony.

2. *Same; same; same.*—While the manner of testifying by a witness may demonstrate ill will or feeling against the defendant, and, therefore may generate in the minds of the jury a reasonable doubt as to the defendant's guilt, it does not necessarily follow that such manner must produce such an effect; and a charge which demands an acquittal, if the witness for the State, in his mode and manner of testifying, demonstrates ill will against the defendant, whether the jury in fact entertained a reasonable doubt of his guilt, is erroneous.

3. *Carrying concealed weapons; charge to the jury.*—On a trial under an indictment for carrying concealed weapons, where the only witness for the State testified, that as the defendant walked away from him he saw a pistol in the hip pocket of the defendant under his coat, a charge which instructs the jury that "if the witness says he did not see a thing, in determining how much weight should be given to such statement, the jury should consider how much opportunity the witness had to see, in connection with all the evidence in the case," is abstract and properly refused; no witness testifying that he did not see the pistol.

APPEAL from the County Court of Bibb.

Tried before the HON. N. H. THOMPSON.

The appellant was prosecuted, tried and convicted for carrying a pistol concealed about his person. The only question presented for review on the present appeal was the refusal of the court to give the charges requested by the defendant. The facts pertaining to these charges are sufficiently stated in the opinion. The charges requested by the defendant, and to the refusal

[Norwood v. The State.]

to give each of which he separately excepted, were the following: (6.) "I charge you if you are convinced from the testimony that this prosecution is founded upon a desire upon the part of the prosecuting witness to satiate his feelings or grudge against the defendant, you should give his testimony but little weight in making up your verdict." (13.) "Although a witness may say he has no ill feeling or malice toward the defendant, yet it is your duty to carefully examine the manner and mode of the witness testifying, and if he demonstrates ill will or feeling against the defendant you should give such testimony very little credence." (14.) "If a witness says he did not see a thing, in determining how much weight should be given to such statement, the jury should consider how much opportunity the witness had to see, in connection with all the evidence in the case." (15.) "I charge you that if the witness for the State demonstrates ill will or feeling in the mode or manner of his testifying against the defendant, such demonstration may generate a doubt in your mind of the defendant's guilt, and you should acquit the defendant."

CATO D. GLOVER, for appellant, cited *Newell v. State,* 109 Ala. 5; *Fincher v. State,* 58 Ala. 215; 3 Brick. Dig., 828, § 95.

WILLIAM C. FITTS, Attorney-General, and W. W. LAVENDER, for the State cited *Koch v. State,* 115 Ala. 99; *Railroad Co. v. Hurt,* 101 Ala. 36; *Murphy v. State,* 108 Ala. 10; *Allen v. State,* 111 Ala. 80.

COLEMAN, J.—The defendant was convicted of the offense of carrying a pistol concealed. The errors insisted on by counsel for appellant are based upon the refusal of the court to give charges numbered respectively six, thirteen, fourteen and fifteen. There were only two witnesses examined whose testimony was material—one for the prosecution, and the defendant for himself. The evidence showed ill will between the witness for the prosecution and the defendant. The sixth and thirteenth charges were faulty, in that the principles of law asserted invaded the province of the

jury. The bias or ill will of a witness should always be considered by a jury in weighing his evidence, but it is not the province of the court to instruct the jury, that but little weight should be given to the veracity of a witness because of his ill will. The jury is made the sole judge of the weight of such testimony.

The fifteenth charge is also faulty. Although facts testified to and the manner of a witness *may* be such as to generate a reasonable doubt, it does not follow that it must or ought to produce such an effect. The charge was faulty in that it demanded an acquittal whether the jury in fact entertained a reasonable doubt of his guilt.

The fourteenth charge refused by the court is an exact copy of a charge held by this court to be good in the case of *Newell v. The State,* 109 Ala. 5. Charges, however, must be construed with reference to the facts in the case. In the case of *Newell, supra,* the carrying of the pistol was admitted. The controverted question was whether it was concealed. State witnesses testified that they saw defendant and did not observe the pistol until the defendant came from behind a tree, authorizing the inference, that prior to that time, the pistol must have been concealed. The defendant's contention was, that the cylinder and handle of the pistol all the time were above the waistband of his pants and open to ordinary observation; that he merely went behind the tree to disengage it from his suspenders, and that the reason the pistol was not seen by the State's witness was on account of their relative position to his body and the pistol. On this state of facts the defendant requested the court to instruct the jury that if a witness says he did not see a thing, in determining how much weight should be given to such a statement, the jury should consider how much opportunity the witness had to see, in connection with all the evidence in the case. In the case at bar, the State's witness testified that the defendant was standing at the door of the room talking to him, and as the defendant turned to walk away *he saw* the pistol in the hip pocket of defendant under his coat. The defendant testified that he did not have a pistol on his person. To have applied the rule of evidence in the case at bar, declared to be correct in the Newell case, the charge should have been

framed so as to assert that when "a witness says he saw a thing, in determining how much weight," etc. Under the facts of the case at bar the charge, technically construed, was abstract, as no witness testified that he did not see the pistol.

Affirmed.