THE FARRAND COMPANY, Appellant, v. J. FRANK WALKER, Respondent.

### Kansas City Court of Appeals, March 3, 1913.

1. **FOREIGN CORPORATIONS: Right to Do Business.** The plaintiff sued in trover in two counts; first, to recover from the defendant the value of his interest in certain promissory notes, that the defendant had wrongfully converted; and, second, on a contract for goods sold and delivered. The trial court at the close of plaintiff's evidence peremptorily instructed the jury to find for the defendant because plaintiff was not licensed to do business in this State under the foreign corporation laws. *Held*, that the plaintiff had a good cause of action on the first count regardless of its failure to comply with the laws applicable to foreign corporations.

2. ————: ————: **Interstate Commerce.** When a contract is such that it cannot be regarded as an interstate commerce transaction, it is exempt from the operation of the local foreign corporation statutes.

3. ————: **Right to Sue: Replevin or Trover.** Although a foreign corporation is not licensed to do business in this State under sections 3039 and 3040, R. S. 1909, it can prosecute an action in replevin or trover for the recovery of its property, or of its value when it has been wrongfully converted.

Appeal from Jackson Circuit Court.—*Hon. W. A. Powell*, Judge.

REVERSED AND REMANDED.

*Fred A. Boxley* for appellant.

(1) The court erred in giving defendant's instruction in the nature of a demurrer to plaintiff's

first count in its petition. Shoe Co. v. Ramlose, 231 Mo. 508; Blackmer v. Railroad, 101 Mo. App. 557; Kirk v. Kane, 87 Mo. App. 274; Land Co. v. Tie Co., 87 Mo. App. 167; Allen v. McMonagle, 77 Mo. 478; Sherman v. Printing Co., 29 Mo. App. 31; 38 Cyc. 2025. (2) The court erred in giving defendant's instruction in the nature of a demurrer to plaintiff's second count in its petition. Text Book Co. v. Gillespie, 229 Mo. 397; Text Book Co. v. Pigg, 217 U. S. Sup. 91; Engine & Mfg. Co. v. Vromania Apts. Co., 154 Mo. App. 139; Bicking v. Stevens, 69 Mo. App. 168; Page & Co. v. Sherwood, 131 N. Y. Supp. 322; Butler Bros. v. U. S. Rubber Co., 156 Fed. 1. (3) Under the law and the evidence, plaintiff was entitled to have its case submitted to the jury on the merits. Shoe Co. v. Ramlose, 231 Mo. 508; Koenig v. Boat Co., 155 Mo. App. 685. (4) The transaction between plaintiff and defendant was not in violation of sections numbered 3039 and 3040, R. S. 1909, and the court erred in so holding. Text Book Co. v. Gillespie, 229 Mo. 397; Bicking v. Stevens, 69 Mo. App. 168.

*Spencer, Grayston & Spencer* for respondent.

The contract contained all the elements necessary to create the relation of principal and agent and none inconsistent therewith. The business transacted thereunder was in violation of the statute and the plaintiff cannot recover. Buggy Co. v. Priebe, 123 Mo. App. 530. The interest which plaintiff acquired in the notes resulted from its violation of the statute. It had no interest in same prior thereto. There was no original title for it to assert or recover upon under its first count, which was for conversion. It could not recover under its second count for goods sold and delivered under the contract because it was not a sale. The statute disables plaintiff from suing either upon tort or contract. R. S. 1909, sec. 3040.

JOHNSON, J.—The petition is in two counts but deals with only one subject-matter or transaction. The cause pleaded in the first count is in the nature of trover to recover the value of plaintiff's interest in certain promissory notes and chattel mortgages which, it is alleged, defendant wrongfully converted to his own use. The second count states a cause on contract for goods sold and delivered by plaintiff to defendant at his special instance and request. The answer contains, *inter alia,* a plea that at the time of the transaction in question plaintiff was a foreign corporation not licensed to do business in this State and "that all the business transacted between plaintiff and defendant . . . mentioned in plaintiff's petition was transacted . . . in violation of sections 3039 and 3040, Revised Statutes 1909, and that the contracts sued on by plaintiff are void and that the plaintiff has no right to maintain this suit."

At the close of plaintiff's evidence the court gave a peremptory instruction to the jury to return a verdict for defendant, whereupon plaintiff took an involuntary nonsuit with leave and in due course of procedure brought the case here by appeal.

Plaintiff is a corporation organized and created under the laws of Michigan and has its principal office in Detroit where it is engaged in the manufacture and sale of organs. It has not complied with the statutes relating to foreign corporations doing business in this State and the point in issue is its right to resort to our courts for the redress it seeks against defendant.

In 1899 plaintiff entered into a contract with defendant who was engaged at Joplin in the business of retail dealer in musical instruments and merchandise by the terms of which defendant was made the agent of plaintiff for the sale of organs consigned to him by plaintiff on his orders. The parties transacted business under this contract for seven years when the

relation was ended by defendant. During that time defendant kept a stock of plaintiff's organs in his store and made sales therefrom, accounting to plaintiff for the proceeds of such sales. The compensation received by defendant for each sale was a commission or factorage charge fixed by him and added to the price at which the organ was billed to him by plaintiff.

Frequently sales were made on the installment plan in which case defendant would take a promissory note from the purchaser secured by a chattel mortgage on the organ and forward the note and mortgage to plaintiff. After defendant decided to terminate the agency a traveling auditor or adjuster of plaintiff called on him to make a final settlement. Defendant had accounted to plaintiff for all organs in stock and all money collected from customers, but plaintiff had on hand installment notes and mortgages which defendant had taken from customers in payment of the purchase price of organs he had sold and plaintiff's interest in these securities amounted to $587.38. Defendant offered to purchase plaintiff's interest in these notes for $300, and the adjuster accepted the offer subject to the approval of plaintiff; surrendered the notes and mortgages to defendant and received defendant's check for $300 which he forwarded to plaintiff, together with a statement of the conditional settlement. Plaintiff refused to ratify the agreement of the adjuster, returned the check to defendant and demanded payment of the sum of $587.38, or the return of the notes and mortgages. It appears that defendant had guaranteed the payment of these notes and as he was solvent plaintiff refused to allow any discount on the amount for which he was liable. Defendant refused to pay the demand or to return the notes and mortgages and has converted them to his own use.

We have not stated the particulars of the contract of agency under which consignments of organs

were made from time to time to defendant for sale in Joplin, nor do we find it necessary to particularize. Suffice it to say that the contract was not one that should be regarded as an inter-state commerce transaction and, therefore, as exempt from the operation of the statutes relating to foreign corporations (Text Book Co. v. Gillespie, 229 Mo. 397; Text Book Co. v. Pigg, 217 U. S. 91; Butler Bros. v. U. S. Rubber Co., 156 Fed. 1), but as one providing for the establishment and maintenance of a branch house in this State for the sale of plaintiff's organs similar in essential features to the contract we considered in the case of Buggy Company v. Priebe, 123 Mo. App. 521.

The contract was void because of plaintiff's failure to procure a license to do business in this State and so far as the enforcement of a cause founded thereon is concerned the courts of this State are closed to plaintiff. Consequently the cause pleaded in the second count, being founded on the void contract, cannot be maintained and the court did not err in sustaining a demurrer to the evidence in support of that count.

But following the decision of the Supreme Court in Machinery Co. v. Ramlose, 231 Mo. 508, we must hold that the court erred in sustaining the demurrer so far as it related to the cause pleaded in the first count. In that case the court held that the contract in question was void for the reason that it constituted the doing of business in this State in violation of the provisions of sections 3039 and 3040, Revised Statutes 1909; that, being void, the title to the property, which was its subject-matter, did not pass from the lessor to the lessee; that neither party could maintain an action in the courts of this State founded on the contract, but that the lessor might prosecute an action in replevin or trover for the recovery of the property or of its value on the theory that it had been wrongfully converted by the lessee. Before this de-

cision was called to our attention it was the thought of the writer that the purpose of the statutes was to close the courts of this State to the suits of foreign corporations that continued to do business in this State in violation of our laws and that the kind of suit or the nature of the cause would have no effect on the operation of the statute since its prohibitions and penalties are leveled at the offending corporation and not at its contracts or other means by which it has violated the law. We are bound to follow the decision of the Supreme Court and doing so, must hold that since plaintiff was and is the owner of the collateral notes and mortgages and was entitled to their possession at the time of their conversion by defendant, it has a good cause of action for the recovery of their value which it may enforce or have enforced in our courts regardless of its failure to comply with our laws.

The judgment is reversed and the cause remanded. All concur.