THE GUTTA PERCHA MANUFACTURING & RUBBER COMPANY, Respondent, v. OTTO J. LEHRACK as LEHRACK CONTRACTING and ENGINEERING COMPANY, Appellant.

Kansas City Court of Appeals, June 16, 1919.

1. FOREIGN CORPORATIONS: Doing Business in State Without License: Suit to Recover Purchase Price. A foreign corporation doing business in this State without a license may not enforce its contracts with reference to that business done in the State.

2. ————: Interstate Commerce: Right to Sue. A foreign corporation may maintain a suit with reference to a transaction which is interstate in character without having a license, even though as gards other transactions it is doing business in the State without the required license.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,* Judge.

Affirmed.

*Charles M. Miller* for respondent.

*Kenneth McC. DeWeese* for appellant.

TRIMBLE, J.—Plaintiff, a corporation organized under the Laws of New York and having its home and factory in that State, brought suit in the circuit court of Jackson county, Missouri, to recover a balance of $239.45 due on the sale of a thirty-six inch special "conveyor" belt for installation in an elevator defendant was building for the Blair Milling Co., in Atchison, Kansas. The price of the belt was $1239.45 and defendant paid $1000 thereon but afterwards declined to pay the remainder, claiming that the belt was crooked or defective in some way.

The contention over the question of whether the belt was defective or not has been disposed of by the verdict of the jury which was in plaintiff's favor. There is, therefore, nothing left in the case except defendant's contention that, at the time of the sale, September 16, 1915, plaintiff, a foreign corporation, had no license to do business in Missouri, and that consequently the suit to recover the balance due on the purchase price of the belt could not be maintained.

Was the plaintiff, in the sale of the belt in question, "doing business" in the State of Missouri in such sense as requires a license under sections 3037, 3039, 3040 and 3342, Revised Statutes 1909? If so, then the failure to have such license—which is conceded—will render a suit for the purchase price of the belt nonmaintainable, the contract being unenforceable.

For a number of years prior to the date of the sale here involved, the Kansas City Rubber and Belting Company, located in Kansas City, Missouri, had continuously, as a part of its business, handled the goods of the plaintiff and resold them in a jobbing way. During this time and continuously down to and past the date of this sale, the said Kansas City Rubber and Belting Company kept from $500 to $2000 worth of plaintiff's goods in its store and, as these were sold, others were sent to take their place. They were sold for cash or credit and the credit was extended if the

Kansas City Rubber and Belting Company thought advisable. All sales of plaintiff's goods by the Kansas City Rubber and Belting Company were kept in a separate ledger for that purpose. The goods kept consisted of steam hose, water hose, belting and packing and rubber goods.

The Assistant Manager of the plaintiff's Chicago office, Mr. Carter, went to defendant's office in Kansas City, Missouri, in company with Mr. Backus, the city salesman of the Kansas City Rubber and Belting Company, and there Mr. Carter quoted defendant a price on the belt in question. The defendant then and there agreed to buy the belt and signed an order therefor but, as the elevator in which it was to be used was not yet complete, the specifications for the belt were not ready, and later Backus obtained them from the defendant. The order from the defendant to the plaintiff was then sent by the Kansas City Rubber & Belting Company to the plaintiff's office at Chicago with the recommendation on it that credit be extended to the defendant for the price of the belt. The order went from there to plaintiff's New York office and the belt, a special thirty-six-inch conveyor belt, was manufactured at plaintiff's factory in Brooklyn, New York and shipped from there by plaintiff to Atchison, Kansas, where defendant installed it in the elevator being built, as heretofore stated, for the Blair Milling Company. This last named company paid the freight on the belt and charged it to defendant's account.

The bill for the belt was in the name of plaintiff against the defendant, but was made out upon stationery headed "Kansas City Rubber & Belting Co. Distributors for the Gutta Percha & Rubber Mfg. Co.," and having the Kansas City Rubber Company's Kansas City address and telephone numbers on it. Monthly statements were sent the defendant by the Kansas City Rubber & Belting Company; and agents of this company called upon defendant to collect the amount due. The

$1000 paid by defendant was by check to the Kansas City Rubber and Belting Company which, after taking out its commission, forwarded the remainder to the plaintiff.

It is defendant's contention that these facts conclusively show that the plaintiff was "doing business" in this State in the sense that requires a license under State law; that the sale of the belt was the same business as any other sales of goods made by the Kansas City Rubber and Belting Company, and differed from them only by reason of the fact that the belt, being a special size and larger than usually kept in stock by the Kansas City Company, had to be ordered from the factory in New York and, solely in consequence of that fact, shipped direct from there to the place where it was used.

Without passing upon the question whether the *other business* of selling plaintiff's goods by the Kansas City Rubber and Belting Company was of such a character as to make plaintiff "doing business" in this State so as to be under the necessity of obtaining a license therefor, we are of the opinion that the sale of the belt in question, the contract for which is an isolated transaction and the sole foundation of this suit, was purely a transaction in interstate commerce and, therefore, does not come within the purview of the State laws requiring a license. It is true, the fact that a company is engaged in interstate commerce does not absolve it from the duty of taking out a State license for the transaction of such business as the company actually carries on within that State as present therein. [International Harvester Co. v. Commonwealth of Kentucky, 234 U. S. 579, 589; Knapp v. Bullock, 242 Fed. 543, 549.] But, on the other hand, the fact that a company, as to other matters and transactions, may be doing business within the State in such manner as to require a license therefor, does not prevent the company from performing another perfectly valid transaction in interstate commerce which is not

subject to State regulation. In other words, if the particular transaction involved herein was an interstate transaction and was not accomplished by the defendant as present and engaged in business within this State, then it should not be denied the right to enforce the contract with reference to such particular interstate transaction, even though it may be doing business as to other matters within the State and without a license. The right to sue is not taken away by the State statute for failure to have a license, but only the right to enforce contracts made in the doing of business subject and contrary to State regulation. [British-American Portland Cement Co. v. Citizens Gas Co., 255 Mo. 1, 32.] Consequently the mere fact that a company, without a license, may have engaged in business within the State for which a license is required, is no reason for penalizing it with reference to interstate business for which no license is needed.

The contract for and sale of the belt in question was a single, separate and wholly isolated transaction, having no reference to or connection in any way with anything else. The evidence on both sides is that the belt was ordered and bought of the plaintiff direct. The assistant manager of the Chicago office obtained the order, but because the specifications were not then ascertainable or determined upon, the completion of the order by the insertion therein of the specifications and the sending of it on, was done through the Kansas City Rubber and Belting Company. The order was filled in New York and the belt was shipped from there to Atchison, Kansas, where it was to be used. The fact that collection therefor was made through the Kansas City Rubber and Belting Company did not rob the transaction of its purely interstate character, since, in such commerce, the foreign corporation is not deprived of the right to have the assistance of an agent in the State.; and whether or not the transaction, which is the foundation of the cause of action, is interstate in character is the test of whether or not the penalty of *the*

State statute can be applied. [Securities State Bank v. Simmons, 251 Mo. 2, 11 and 12; International Text-Book Co. v. Gillespie, 229 Mo. 397; International Text-Book Co. v. Pigg, 217 U. S. 91.] We think the interstate commerce character of the transaction is beyond question and this makes the State statute inapplicable. [Butler Bros Shoe Co. v. United States Rubber Co., 156 Fed. 1, 17.]

It follows from this view of the case that the judgment must be affirmed, and it is accordingly so ordered. All concur.