(93 South. 262)

## ROBINSON v. STATE. (8 Div. 858.)

(Court of Appeals of Alabama. May 9, 1922. Rehearing Denied June 20, 1922.)

1. Assault and battery ☞70—No redress for injury to bystander, inflicted by one defending himself against murderous assault.

An injury to an innocent bystander, if inflicted by defendant during a rencounter in which he was justifiably defending himself from an unwarranted murderous assault, would have been one of those unavoidable accidents, for which the law offers no redress.

2. Criminal law ☞814(8, 9)—Charges as to self-defense held abstract, and properly refused.

Where defendant, after words with a child's father, armed himself and returned to where the father was engaged with his own affairs, advanced on him, and fired the first shot, and in the rencounter injured the child. there was no ground for the claim of self-defense, though defendant was a man of good character, and the child's father a mean man and dangerous

────────

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

character, and instructions as to self-defense were abstract, and properly refused.

#### On Rehearing.

**3. Criminal law ⊜⇒753(2) — General charge properly refused, when there was evidence to sustain verdict.**

The general charge, requested by defendant, was properly refused, where there was evidence to sustain a verdict against defendant.

**4. Assault and battery ⊜⇒96(3)—Criminal law ⊜⇒814(8, 9)—Instruction held argumentative, and not confined to issues.**

On a trial for assaulting a child in a fight with its father, instruction that defendant had a right to carry a shotgun along the public highway, and, if attacked, had the right to defend himself, and, if he shot at a party other than the child, would not be guilty of assault with intent to murder, *held* properly refused, as argumentative, and not confined to the issues.

**5. Criminal law ⊜⇒1173(3)—Defendant cannot complain of refusal of charges relating only to offense charged, when convicted of included offense.**

Where defendant, charged with assault with intent to murder, was convicted of a lesser offense, he cannot complain of the refusal of charges referring only to the charge of felonious assault, and entirely ignoring the lesser offenses embraced in such charge.

**6. Criminal law ⊜⇒815(5)—Elliptical instruction properly refused.**

Instruction that, if defendant was under bona fide belief that his life was in danger, and that he had in all circumstances reasonable cause to believe that he was in danger, it would be immaterial whether there was actual danger or not, *held* properly refused, as elliptical.

**7. Criminal law ⊜⇒815(6)—Incomplete instruction properly refused.**

A requested instruction as to considering fact, if shown, that defendant was a man of good character, *held* properly refused, because incomplete.

**8. Criminal law ⊜⇒789(8) — Instruction as to proof to moral certainty, on trial for assaulting one in shooting at another, properly refused.**

On a trial for assault with intent to murder, where the evidence tended to show that defendant attacked the injured person's father with a gun, and in shooting at the father, or another person, struck the child, an instruction requiring a belief to a moral certainty that defendant shot at the child before there could be a conviction was properly refused.

**9. Witnesses ⊜⇒317(2) — Only when witness willfully swears falsely, jury may reject entire testimony.**

It is only where a witness has sworn willfully falsely to a material fact that the jury may reject his entire testimony, and not in every case where he has sworn falsely.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Andy Robinson was indicted for an assault with intent to murder, convicted of an assault with a weapon, and he appeals. Affirmed.

The following are the charges refused to the defendant:

(1) General charge.

(2) "The defendant had a right to carry a shotgun along the public highway, and if he was attacked he had a right to defend himself, and if he shot at a party other than Reese Lamon he would not be guilty of assault with intent to murder."

(5) "If the defendant was under the bona fide belief that his life was in danger. and that he had in all circumstances reasonable cause to believe that, he was in imminent danger at the time that the shot was fired, it would be immaterial whether there was such actual danger or not."

(10) "If the defendant has been shown to be a man of good character, you may look to that fact, if it be a fact, in determining—"

(8) "Belief to a moral certainty that defendant shot at Reese Lamon before there can be a conviction."

(9) "If any witness has sworn falsely in this case, you are authorized to disregard his or her testimony entirely if —— see fit to do so."

Wert & Hutson, of Decatur, for appellant.

Counsel cite and rely upon the following authorities as requiring a reversal of this case: 1 Ala. App. 18, 56 South. 5; 136 Ala. 52, 34 South. 23; 140 Ala. 1, 37 South. 90; 2 R. C. L. 530; 112 Tenn. 572, 82 S. W. 185, 105 Am. St. Rep. 974.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. The evidence in this record tends to prove that the defendant and the father of the injured child had had some words about a road, they separated, and defendant armed himself with a double-barrel gun and came back to where the father of the child was at his mill, with his wife, a son about 14 years old, and this little fellow who was injured; that, when the defendant got near the mill, he got off his wagon, with his gun, and advanced towards the mill, where the father of the child was behind the engine, with his wife and the child sitting near, on the end of cross-tie. As defendant advanced, some words passed between him and the father, and defendant fired on the father; at about the same time he was fired on either by the father or the older boy, the shot from defendant's gun striking the child in the face and blinding him. There was some other evidence in the case which tended to show that, when the father dodged behind

the engine, the defendant deliberately turned his gun on the child and fired; but this would have been the act of a fiend, and, in view of the good character proven for defendant, we have discarded that theory of the state in making the statement of facts upon which we predicate our conclusions. There was also some evidence on behalf of defendant that, in the first difficulty or altercation, the father had threatened to kill defendant.

[1] Taking the evidence most favorable to defendant, the child was an innocent bystander, and if the injury occurred during a rencounter, in which the defendant was justifiably defending himself from an unwarranted murderous assault, the injury would have been one of those unavoidable accidents, for which the law offers no redress. Tidwell v. State, 70 Ala. 33.

[2] The defendant, on the trial, requested the court in writing to give several charges, correctly defining the law of self-defense when applied to a charge of felonious assault, and it is here urged that the court committed reversible error in refusing to give such charges, and if, as is contended, the defendant was in position to have pleaded self-defense, such charges should have been given; but the facts do not justify such a plea. The defendant had advanced on, and was in the act of attacking, his adversary, when he injured the child. He had had some words with the father earlier in the day; he had gone and armed himself, and returned to where the father was engaged with his own affairs, and advanced on him and fired the first shot, and the fact that the defendant had hitherto borne a good character, and the father of the child was a "mean man and dangerous character," would not authorize the defendant to kill him. The evidence, taken in its most favorable light for the defendant, did not tend to establish self-defense, and therefore the charges requested were abstract and properly refused. Cooke v. State, ante, p. 416, 93 South. 86.

The rulings of the court upon the admissibility of evidence were without error.

We find no error in the record and the judgment is affirmed.

Affirmed.

#### On Rehearing.

In addition to the reasons given in the original opinion, which treated the charges refused to defendant in a general way:

[3] Charge 1 is the general charge, and, there being evidence to sustain the verdict, was properly refused.

[4] Charge 2 was an argument, and not confined to the issues involved in the case.

[5] Charges 3, 4, 5, 6, and 7, were referable alone to the charge of felonious assault, ignoring entirely the lesser offenses embraced in the charge of assault to murder, and un-

der which the defendant was convicted of the lesser offense. Having been acquitted of the higher offense, at which these charges were directed, he cannot now complain.

[6, 7] Charge 5 is elliptical, and charge 10 is incomplete.

[8] Charge 8 was properly refused, for reasons given in the original opinion.

[9] Charge 9 was properly refused. It is only where a witness has sworn willfully falsely to a material fact that the jury may reject his entire testimony.

Application overruled.