157 So. 460

**COX v. STUART.**

7 Div. 272.

Supreme Court of Alabama.

Nov. 8, 1934.

410

Miller & Miller, of Gadsden, for the motion.

Inzer, Davis & Martin and McCord & McCord, all of Gadsden, opposed.

GARDNER, Justice.

The complaint is in Code form for trespass in taking goods (section 9531, Code 1923, form 25) and is sufficient. Wilkinson v. Searcy, 76 Ala. 176; Thornton v. Cochran, 51 Ala. 415; Higdon v. Garrett, 5 Ala. App. 467, 59 So. 309. And, indeed, under such a complaint, punitive damages are recoverable, if warranted by the proof, though not specially claimed therein. Wilkinson v. Searcy, supra; Standard Oil Co. v. Davis, 208 Ala. 565, 94 So. 754.

This Code form seeks damages of the defendant for "wrongfully taking" the goods therein described. As we understand the opinion of the Court of Appeals in the instant case, interpreting and following the former decision of Singer Sewing Machine Co. v. Hayes, 22 Ala. App. 250, 114 So. 420, the holding is that under the form of complaint, recovery cannot be had for a taking of goods by one who has the legal title thereto, and the right to immediate possession, though unlawful force was used in the taking, but that specific averments as to such unlawful force should appear in the complaint.

In this holding we find ourselves unable to agree. The wrongful taking charged in the complaint embraces, in such a case, unlawful force in the taking and no other averments are necessary. Indeed, under such circumstances, it appears the unlawful force forms the essential element of the trespass, as disclosed by a consideration of our decisions.

In Street v. Sinclair, 71 Ala. 110, the court considered the right of a mortgagee to enter the premises of the mortgagor and carry away certain property therein described. There was default, and the mortgage expressly authorized the mortgagee to take possession of the mortgaged property. The court said: "If it was necessary, therefore, to enter the premises of the mortgagor in order to reduce the property to possession and execute the power of sale, this the mortgagee, or his agent, could do in a peaceable and lawful manner without becoming a trespasser, unless a distinction could be made where he had been forbidden originally to enter the premises under reasonable apprehension of

a breach of the peace. But on this point we express no opinion. * * * The seizure of the property by the mortgagee, in such a case, should of course be effected without force or violence. The same rule must govern as in cases of recaption. It must not be perpetrated 'in a riotous manner, or attended with a breach of the peace.' 3 Black. Com. 4; Bobb v. Bosworth, Litt. Sel. Cas. [Ky.] 81, 12 Am. Dec. 273. Subject to this limitation, the owner of personal property, wrongfully withheld from him, may have redress by his own act without resorting to the delay of litigation. But he proceeds at his own peril if he commit the slightest assault, or other breach of the public peace, for, if individuals were thus allowed to redress their own private injuries, the peace of society and good order of government would cease."

And in Burns v. Campbell, 71 Ala. 271, this holding was reaffirmed with the following observation: "The circumstances under which a mortgagee may take possession of personal property conveyed by the mortgage, under authority of a power of sale conferred by the instrument, are fully discussed in the case of Street v. Sinclair, 71 Ala. 110. It was there held that, after default, he could execute the power by entering upon the premises of the mortgagor and taking peaceable possession of the mortgaged property, without consent of the mortgagor, provided he thereby committed no breach of the peace." See, also, to like effect Thornton v. Cochran, 51 Ala. 415, and Sullivan v. Miller, 224 Ala. 395, 140 So. 606.

■ "Trespass is the unlawful or wrongful interference with the possession of another; the gist of the action being the disturbance of the possession." Pollard v. Pollard, 207 Ala. 270, 92 So. 488, 490.

■■ We, therefore, conclude the Court of Appeals has fallen into error in holding the complaint, which is in Code form, is insufficient to sustain a recovery where the evidence discloses a taking by "unlawful force, in the exercise of a legal right," to use the language of the opinion. However, our disagreement, as indicated, does not result in awarding the writ of certiorari as prayed. This for the reason the Court of Appeals has reversed the judgment upon other grounds—exclusion of evidence—concerning which no complaint is here made.

The writ will therefore be denied.

Writ denied.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.