166 So. 727

### LEHIGH PORTLAND CEMENT CO. v. CAMPBELL.

### 6 Div. 794.

Court of Appeals of Alabama.

March 17, 1936.

Bradley, Baldwin, All & White, of Birmingham, for appellant.

Mullins & Deramus, of Birmingham, for appellee.

**RICE, Judge.**

This appeal is on the record proper, without bill of exceptions. Only some questions arising out of rulings on demurrers to pleadings are presented for our consideration.

Count 2 of plaintiff's (appellee's) complaint is, in pertinent part, in this language: "Plaintiff claims of the defendant the sum of $3,000.00, as damages, for that heretofore and during the 12 months period next preceding the filing of this suit while the plaintiff was in possession of and residing on premises known as 804 Bush Avenue in Tarrant, Jefferson County, Alabama, and was the owner of said premises, and while the defendant was engaged in blasting operations nearby said premises, the defendant did negligently conduct itself in and about said blasting operations in such a way that as a proximate consequence of said negligence of the defendant the plaintiff's said house has been shaken, etc. * * *"

Appellant argues very vigorously here that the trial court committed reversible error in overruling its demurrers to this count 2 of plaintiff's (appellee's) complaint.

■ Of course it is the law that a count in a complaint which alleges more than one distinct cause of action is subject to demurrer. Sloss-Sheffield Steel & Iron Co. v. Mitchell, 167 Ala. 226, 52 So. 69; Alabama Great Southern Railroad Co. v. Shahan, 116 Ala. 302, 22 So. 509.

■ But we think the action of the court in overruling appellant's demurrers to count 2 of the complaint may be sustained on either of two grounds, viz.: (1) The said count was sufficient as against the demurrers, on the authority of what was said by our Supreme Court in the opinion in the case of Lehigh Portland Cement Co. v. Donaldson, 164 So. 97, 100,[1] to wit: "The complaint [count], we think, shows that the one subject of controversy is the continued series of blastings negligently conducted in accordance with a single sustained method pursued in executing one general scheme, and is therefore a single cause of action in tort, though it consists of more than a single act, similar in some respects to a count declaring on a series of notes which arise out of the same transaction. Morrow v. Shuff, 219 Ala. 395, 122 So. 635. It is not therefore subject to the objection made in that respect." And see Sloss-Sheffield Steel & Iron Co. v. Mitchell, 161 Ala. 278, 49 So. 851, and Stouts Mountain Coal & Coke Co. v. Ballard, 195 Ala. 283, 70 So. 172.

■ Or (2) if we are in error as to our just state of conclusion, above, it is apparent that the same evidence that was admissible under this count 2 was admissible under count No. 1, of the complaint, to which no objection is here urged. Hence appellant could not have been injured by the action of the court under discussion. And therefore no reversal of the judgment because of this action would, in any event, be ordered. Supreme Court rule 45; Globe & Rutgers Fire Ins. Co. v. Home Investment & Loan Corporation, 226 Ala. 275, 146 So. 610. And see Sovereign Camp, W. O. W., v. Ward, 201 Ala. 446, 78 So. 824.

■ As for the action of the court below in sustaining appellee's demurrers to appellant's pleas 8, 9, 10, and 11, it would seem that it is only incumbent upon us to cite the opinion in the case of Stouts Mountain Coal & Coke Co. v. Ballard, 195 Ala. 283, 70 So. 172. As therein pointed out: "In order to establish a prescriptive right to the maintenance of a nuisance, the user must not only be open, adverse, and continuous, etc., but with the knowledge and acquiescence of the person whose right is invaded, and of such a nature *as to produce a uniform result during the period of adverse user.*" (Italics ours.)

■ Each of these pleas 8, 9, 10, and 11 were defective in (to mention nothing else) failing to allege that the "use" relied on was "such as to produce a uniform result during the period of adverse claim or hold-

---

[1] 231 Ala. 242.

ing." The demurrers to each of them were properly sustained.

What we have said hereinabove disposes of all questions arising out of rulings assigned for error and argued here.

We find no prejudicially erroneous ruling to have been made, and the judgment is affirmed.

Affirmed.

