219 So.2d 893

**Robert E. JONES**

**v.**

**AMERICAR, INC.**

**6 Div. 547.**

Supreme Court of Alabama.

Feb. 20, 1969.

Rehearing Denied March 20, 1969.

W. J. Sullivan Jr., of Sadler, Sadler, Sullivan & Sharp, Birmingham, for appellant.

S. P. Keith, Jr., Birmingham, for appellee.

## BLOODWORTH, Justice.

Appellant, Jones (defendant below), appeals from a judgment for appellee, Americar (plaintiff below), for $10,682 under count one, $10,000 under count two, $1.00 under count three, $1.00 under count four, and $1.00 under count five, a total of $20,685.00.

Americar, Inc., a Florida corporation, and Robert E. Jones entered into a franchise contract wherein Jones was granted the right to operate automobile rent-a-car agencies in the State of Alabama, excepting Madison County, using the trade name "Americar." Americar leased to Jones various automobiles for use in the rental business.

Controversy between the parties to the contract occurred several months later. Americar claimed Jones was delinquent in his payments under the franchise agreement. He contended that Americar was not complying with the terms of the agreement in failing to furnish current model automobiles, to establish a credit-card system, to give his operation proper super-

vision, and in not supplying national advertising.

After Americar made efforts to cancel the contract, Jones cancelled it, and Americar demanded the return of its automobiles. They were not returned.

Americar brought an action against Jones, the complaint containing five counts. Count one sought damages for conversion of the twenty-nine automobiles. Count two claimed damages for wrongfully taking the same automobiles. Count three was a claim on account. Count four sought damages for breach of contract. Count five sought damages for breach of a non-competition clause.

Jones filed a plea in abatement, and subsequently filed amended pleas in abatement.

The trial court sustained Americar's demurrers to Jones' amended plea in abatement number one, and overruled the demurrers to pleas two and three.

Jones filed seven pleas of recoupment. The trial court sustained demurrers to pleas of recoupment two and five, and overruled demurrers to pleas of recoupment one, three, four, six and seven.

Trial of the case commenced before a jury March 29, 1967, and ended April 1, 1967 at 3:30 a. m. The jury returned a verdict in favor of Americar, Inc., in the amount of $10,682 on count one; $10,000 on count two, and $1.00 each on counts three, four and five. The verdict was against Jones on his pleas of recoupment.

On April 4, 1967, Jones filed a "Motion for an Election of Counts," alleging that the jury had rendered a verdict for $10,682 under count one, and for $10,000 under count two of the complaint, and that both counts were for trover or conversion of the same cars, and both claim damages for the same tort. This motion was overruled on June 29, 1967.

Jones' motion for a new trial was also overruled.

Assignments of error Nos. 1 and 2 claim the trial court erred in sustaining demurrers to defendant Jones' plea in abatement 1, and as amended. Although they were argued separately, the argument under assignment of error No. 1 was adopted in assignment of error No. 2. Therefore, we will consider them together.

In substance, the pleas allege that plaintiff is a foreign corporation, has not qualified to do business in Alabama; that the tort upon which suit is brought arose out of contract entered into between plaintiff and defendant in the State of Alabama; and, that by virtue of the provisions of Code of Alabama 1940, Title 10, § 21(89), as last amended, and Title 51, § 342, the contract is void and cannot be enforced by plaintiff.

Title 10, § 21(89), Code of Alabama 1940, as last amended, reads as follows:

"All contracts or agreements made or entered into in this state by foreign corporations which have not qualified to do business in this state shall be held to be void at the suit of such foreign corporation or any person claiming through or under such foreign corporation by virtue of said void contract or agreement; * * *."

Title 51, § 342, Code of Alabama, 1940, is as follows:

"All contracts made in this state by any foreign corporation which has not first complied with the provisions of the three preceding sections shall, at the option of the other party to the contract, be wholly void."

Plaintiff, Americar, argues that failure to comply with state law regarding qualification by a foreign corporation does not preclude its maintaining an action to recover possession of property when the action does not require enforcement of the contract. (We do not here decide whether the contract in question was entered into in this State by a foreign corporation within

the meaning of the above quoted sections because this issue was not raised on this appeal.)

Defendant says he does not contend "that a mere tort against a non-qualified corporation may not be sued upon by that corporation in the State of Alabama. What we do contend is that when the tort arises out of a contract that is void because a foreign corporation has not complied with the qualification law * * * then that corporation likewise should not be accorded the right and privilege of suing on a tort claim that is necessarily granted in that contract."

We have read the authorities cited by defendant but find none of them to be applicable to this case, either because of a statute distinctly different from ours or because the case did not involve the conversion of property as in the instant case.

Other courts have specifically upheld the right of a non-qualified corporation to maintain actions for conversion, trover, and ejectment. See: Good Roads Machinery Co. v. Broadway Bank (Mo.) 267 S.W. 40; Bouldin v. Taylor, 152 Tenn. 97, 275 S.W. 340; Farrand Co. v. Walker, 169 Mo.App. 602, 155 S.W. 68; Jennings v. Supreme Photoplay Co., 289 Pa. 240, 137 A. 230; National Match Co. v. Empire Storage & Ice Co., 227 Mo.App. 1115, 58 S.W. 2d 797; Sayers & Muir Service Station v. Indian Refining Co., 266 Ky. 779, 100 S.W. 2d 687.

We think that which is prohibited in the Alabama statutes are suits on contracts by unqualified corporations. As expressed in Gutta Percha Mfg. & Rubber Co. v. Lehrack, 201 Mo.App. 550, 214 S.W. 285:

"* * * The right to sue is not taken away by the state statute for failure to have a license, but only the right to enforce contracts made in the doing of business subject and contrary to state regulation. * * *"

And, as stated in the Kentucky case of Sayers & Muir Service Station v. Indian Refining Co., supra:

"* * * '[T]he statute being penal in its nature and in derogation of the common law it should not be construed so as to include within its purview cases which do not clearly come within it. * * *' * * *"

■ We are, therefore, persuaded that the cases cited are sound authority for our holding that a non-qualifying foreign corporation may maintain an action for conversion of its property under the facts of this case. (As stated in brief, plea 1 and plea 1, as amended, were only addressed to the ex delicto counts. The trial court allowed similar pleas to the ex contractu counts 3, 4 and 5.)

In assignment of error No. 8, defendant insists that the trial court should have overruled plaintiff's demurrers to his plea of recoupment No. 2. It alleges that plaintiff and defendant entered into a franchise agreement whereby defendant was to operate an automobile renting and leasing business; that plaintiff was to keep defendant supplied with current model automobiles, and certain other items; that plaintiff devoted its efforts to the Econo Car System in competition with the Americar System; that plaintiff had no intention of complying with the terms of the contract; and, that "therefore the defendant was induced by fraud to enter into the contract."

Defendant says this plea states a good fraud claim. Plaintiff contends it does not, that defendant failed to allege the statements were false or that he was induced to part with money or that there was any misrepresentation of any material matter upon which he relied to his detriment.

The cases cited in defendant's brief are inapt. In fact, the case of Lonnie Russell Ford, Inc. v. Mitchell, 279 Ala. 340, 185 So.2d 132, supports plaintiff's contention. In that case, the allegations were that cer-

tain statements were false and were made for the purpose of deceiving and inducing the plaintiff to purchase an automobile, and that the plaintiff therein, relying on said false statement, purchased the automobile. This court held such a count in that case states a cause of action.

■ We think the plea here was demurrable for failure to aver in what the alleged fraud consisted so as to advise plaintiff of that which it is called upon to defend against. Nelson Realty Co. v. Darling Shop of Birmingham, Inc., 267 Ala. 301, 101 So.2d 78.

Assignment of error No. 9 charges error on the part of the trial court in sustaining plaintiff's demurrers to defendant's plea of recoupment No. 5. The gist of the plea of recoupment is that plaintiff and defendant entered into a franchise agreement whereby defendant was allowed to operate an automobile rental and leasing agency affiliated with Americar System; that the franchise was to be exclusive; that plaintiff breached said agreement by permitting Birmingham Car and Leasing, Inc., to operate under a franchise agreement in the City of Birmingham in a location two blocks away from defendant's place of business in direct competition with him; and, that plaintiff thereby misrepresented to defendant a material fact, that he would have an exclusive franchise for the territory, upon which representation he relied to his great detriment. The plea further alleges that the said competing corporation was already operating under the terms of its franchise agreement prior to the date of defendant's franchise agreement.

■■ It seems to us that the demurrers were properly sustained to this plea. The plea joins an action ex contractu (on the franchise agreement) and one ex delicto (for alleged fraud). This is not permitted even under our liberal statutory rule permitting all actions ex delicto to be joined in the same suit with actions ex contractu

arising out of the same transaction or relating to the same subject matter. Title 7, § 220, Code of Alabama, as last amended; Roll v. Dockery, 219 Ala. 374, 122 So. 630, 65 A.L.R. 1473; Sloss-Sheffield Steel & Iron Co. v. Smith, 166 Ala. 437, 52 So. 38; Lehigh Portland Cement Co. v. Campbell, 27 Ala.App. 130, 166 So. 727.

Assignment of error No. 13 charges error in sustaining plaintiff's objection to the introduction in evidence of defendant's exhibit 27, which is the certificate of incorporation of his Huntsville operation. Defendant contends that introduction of this charter was material to substantiate his testimony that he did form a corporation that operated the Huntsville business.

■ Defendant himself testified he formed the corporation that operated the Huntsville business, and since this was in evidence, the fact that the corporate charter was not admitted would be at most harmless error, it being cumulative merely. Also, the Birmingham charter was introduced, and there was evidence it was the same as the Huntsville charter.

In assignment of error No. 16, defendant objects to a certain portion of the oral charge of the court, viz:

"Now, there's been some evidence that the vehicles or part of them or some of them or maybe all of them—you're the judges as to what the evidence shows about the return of [the] vehicles, but there is evidence here that some of the vehicles have been returned."

Defendant contends he duly excepted to that portion of the oral charge. He contends that the court's charge misled the jury by stating that only some of the cars had been returned.

Plaintiff maintains the defendant did not except to that portion of the oral charge set out in the transcript. We find the

plaintiff's contention is correct. The following transpired, viz:

"MR. SULLIVAN: You also made a statement that it was evidence that some of the vehicles had been returned. Well, I think the evidence was clear that all they had had been returned eventually.

"THE COURT: No, just some evidence one of them was wrecked.

"MR. KEITH: That's right.

"MR. SULLIVAN: Well, when you say some, that gives an impression.

"THE COURT: I think I said 'some' or 'it's for you to say how many' and I explained that to the jury because I wasn't going to say all of them were returned when one was wrecked.

"MR. SULLIVAN: Well, *we except to that portion of the Court's oral charge.*" [Emphasis supplied]

 We are of the opinion that the above quoted colloquy between counsel and the court is an insufficient exception to the quoted portion of the charge in the assignment of error. We have said: "Nothing can be left at large in reserving an exception to the court's oral charge. The exception must be definite to the last degree." Bentley v. Lawson, 280 Ala. 220, 191 So.2d 372; Matthews v. Maynard, 274 Ala. 330, 148 So.2d 629; Jersey Ins. Co. v. Roddam, 256 Ala. 634, 56 So.2d 631.

 Assignment of error No. 17 claims error in the court's giving to the jury printed verdict forms which did not provide for a possible finding in favor of the defendant under any one or more of the five counts of the complaint. We will not consider whether this was error because though there may be a failure to give a formal verdict form on the part of the court nevertheless there is no reversible error in the trial court's omission when his attention is not called to the oversight.

Peterson v. State, 227 Ala. 361, 150 So. 156 [cert. den. 291 U.S. 661, 54 S.Ct. 439, 78 L.Ed. 1053]; Oden v. State, 41 Ala.App. 212, 127 So.2d 380.

 Assignments of error 18 and 19 both complain of the court's holding the jury beyond midnight on Friday, March 31st, to conduct its deliberations in arriving at a verdict. Defendant concedes it is within the sound discretion of the trial judge as to how late jurors should be held together but insists that in this case he abused his discretion.

It is clear from the record that at 4:30 p. m. the court announced, "This is the time we customarily adjourn * * * what is the pleasure of you gentlemen of the jury?" After some discussion, the court stated that it did not matter to him personally. Then, a juror asked to take a smoke break and have a vote. Thereafter, the jury returned to continue the trial and the court arranged for its dinner. No exception or objection was made by defendant. Although the hour at which the case was put to the jury (10:45 p. m.) was quite late, it was not entirely unusual. We cannot say the record discloses any abuse of discretion. Neither counsel objected to this procedure.

Defendant next objects, in assignment of error No. 21, to the trial court's giving an additional oral charge to the jury at approximately 2:45 a. m., claiming that the language in this charge, together with the time at which it was given, made the charge "over-persuasive on the jurors * * coerced them to promptly bring in a verdict * * *."

The record shows that after returning a verdict in favor of plaintiff on the defendant's pleas in abatement at 12:40 a. m., the jury retired to the jury room for further deliberation on the case until 2:45 a. m. when it reported that they were unable to reach an agreement and that it appeared they were hopelessly deadlocked. Whereupon, the court gave the charge complained of.

We are not required to make a determination as to whether or not the charge was "over-persuasive on the jurors" because the record discloses there was no exception taken at that time to the charge. In the absence thereof, there is nothing for this court to review. Cox v. State, 280 Ala. 318, 193 So.2d 759.

Assignment of error No. 39 charges error on the part of the trial court in failing to give at the request of the defendant the following written charge, viz:

"21. Gentlemen of the Jury, I charge you that if you are reasonably satisfied from all the evidence in this case that a witness has sworn *wilfully or corruptly* false to a material issue in this case, then you may disregard all of the testimony of that witness." [Emphasis supplied]

Defendant cites as authority these cases to reverse. Norwood v. State, 118 Ala. 134, 24 So. 53; Sanders v. Davis, 153 Ala. 375, 44 So. 979; Alabama Steel & Wire Company v. Griffin, 149 Ala. 423, 42 So. 1034.

None of these cases is apt authority for the proposition that refusal of such a charge as set out above is error. In *Norwood,* no such charge is involved. In *Sanders,* the charge is quite different, it being "if you believe that the plaintiff *knowingly and intentionally* gave false testimony on his examination as a witness as to a material matter, then you have a right to reject his entire testimony." [Emphasis supplied] Also, in *Sanders,* the court did not hold it reversible error to refuse such a charge, but held it was not reversible error to give such a charge. In *Alabama Steel & Wire,* the charge is: "If you believe, from the evidence in this case, that the witness Brown has *willfully and corruptly* sworn falsely as to any material fact in this case, you may in your discretion disregard his testimony entirely." [Emphasis supplied] This charge is different from the charge in the instant case, as it connects "willfully" and "corruptly" with the conjunctive rather than the disjunctive as in the instant case.

Although, there are many cases in Alabama which hold that the refusal of a charge such as in the *Alabama Steel & Wire* case is error to reverse, we have been cited to no case, nor have we found one, holding error to reverse in refusing a charge where the words "willfully" and "corruptly" are used in the disjunctive. See numerous cases set out in 6A Ala. Dig., Criminal Law, ☞785(16). There are many cases holding that it is only where a witness has sworn willfully falsely to a material fact that the jury may reject that witness' testimony. Higginbotham v. State, 262 Ala. 236, 78 So.2d 637; Robinson v. State, 18 Ala.App. 612, 93 So. 262; Childs v. State, 76 Ala. 93; Prater v. State, 107 Ala. 26, 18 So. 238; Hill v. State, 146 Ala. 51, 41 So. 621; Booth v. State, 247 Ala. 600, 25 So.2d 427.

Assignment of error No. 51 charges error on the part of the trial court in refusing the following written charge:

"102. Gentlemen of the Jury, I charge you that the plaintiff cannot claim damages of the defendant for the conversion of any automobiles to which it has no title nor has any right to possession. If you are therefore reasonably satisfied from all the evidence in this case that the plaintiff did not have title to or the right to possession of any particular automobile sued on in this case, then you cannot award the plaintiff any damages for the conversion of that automobile."

We consider this charge was refused without error. For, in the first place, the charge is misleading. In the beginning it connects title and possession and requires proof of both to recover, but in the latter part of the charge it puts title and possession in the disjunctive, as plaintiff aptly points out. Since it is misleading and inconsistent, the trial judge correctly refused it.

■ We also note that the trial judge in his able and thorough oral charge correctly pointed out that the plaintiff, in order to be entitled to a recovery, must have either a general or special title to the property in question and the possession or the immediate right of possession. Therefore, the requested charge was also covered by the oral charge.

In the assignment of error No. 22, defendant complains of denial of his motion for an election of counts filed after the jury returned its verdict. In assignments of error Nos. 23, 24, 28 and 29, he contends the trial court erred in refusing to give the general affirmative charge (either with or without hypothesis) as to counts one and two. In the remaining assignments of error Nos. 55 and 59, defendant complains that the verdict was contrary to the preponderance of the evidence, contrary to law, and that the verdict was excessive. Since these assignments are interrelated and some of the same arguments are advanced under several assignments of error, we will consider them together.

■ With respect to defendant's motion for an election of counts after verdict, we know of no authority, statutory or otherwise (nor has any been cited to us), which holds error to reverse for the trial court's overruling such a motion. We find no error herein.

We have carefully considered the evidence in the case with respect to the affirmative charges requested as to count one. We conclude that both affirmative charges as to count one were properly refused.

■ Count one is for trover and conversion. Our court has said that to constitute a conversion "there must be a wrongful taking, or a wrongful detention, or an illegal assumption of ownership, or an illegal user or misuser." Consolidated Graphite Corporation v. Kelly, 227 Ala. 516, 150 So. 682; Webb v. Dickson, 276 Ala. 553, 165 So.2d 103.

We have also defined a conversion as consisting in " '* * * either * * * the appropriation of the thing to the party's own use and beneficial enjoyment, or in its destruction, or in exercising of dominion over it, in exclusion or defiance of the plaintiff's right, or in withholding the possession from the plaintiff, under a claim of title inconsistent with his own.' * *" Geneva Gin & Storage Co. v. Rawls, 240 Ala. 320, 199 So. 734; Greer v. Carl Johnson Motor Co., 269 Ala. 617, 114 So.2d 907. We said in Hamilton v. Hamilton, 255 Ala. 284, 51 So.2d 13, at page 18:

"To be entitled to the right of recovery for conversion, plaintiff must have general or special title to the property in question, and the possession or immediate right of possession; and the party complained against must have wrongfully exerted some act of dominion over such property inconsistent with and destructive of the title of the party plaintiff. * * *"

■ Measured in the light of these rules, we think the evidence sufficient to support a verdict for the plaintiff under count one, trover and conversion.

Count two is in trespass. It is in Code form, Title 7, § 223, Code of Alabama 1940, as last amended, "25. For trespass in taking goods." Our court has held that unlawful force forms the essential element of the trespass. Cox v. Stuart, 229 Ala. 409, 157 So. 460; Rhodes-Carroll Furniture Co. v. Webb, 230 Ala. 251, 160 So. 247; Webb v. Dickson, supra. We have said that "the gist of the action of trespass * * * [is] an injury to plaintiff's possession and not title." American Discount Co. v. Wyckroff, 29 Ala.App. 82, 191 So. 790; Lacey v. Morris, 215 Ala. 302, 110 So. 379; Cox v. Stuart, supra. Although we have also said that "unlawful force" forms the essential element of the trespass, Cox v. Stuart, supra, this "force" does not "necessarily mean actual physical force, but it may be constructive force."

**648**

McWaters v. Gardner, 37 Ala.App. 418, 69 So.2d 724; Crews & Green v. Parker, 192 Ala. 383, 68 So. 287. We said in the Crews & Green v. Parker case that the kind of constructive force we were speaking of is that "constructive force in such sort as to compel the submission of the plaintiff, against his will, to the appropriaton of what he asserted to be his property."

█ We see no good purpose to be served by outlining and detailing the evidence in this case. We are convinced, after carefully considering all the evidence, that it is insufficient to show any such force, actual or constructive, to constitute the action of trespass. Therefore, we are of the opinion that the general affirmative charge should have been given for the defendant under count two.

There is yet another reason why the charge should have been given. Our cases have held that if the original taking of personal property was not a trespass, then its subsequent conversion does not render a defendant liable in trespass. Pollard v. Pollard, 207 Ala. 270, 92 So. 488; Henderson v. Marx et al., 57 Ala. 169; Davis v. Young, 20 Ala. 151. See, also Howton v. Mathias, 197 Ala. 457, 73 So. 92. The evidence appears undisputed that defendant lawfully obtained possession of the twenty-nine vehicles, subject of the suit. At most, the proof only goes to show his retaining possession and refusing to give up possession to plaintiff, constituting a conversion, for which the action of trover and conversion arises.

What we have said disposes of each assignment of error. Therefore, this cause is due to be reversed and remanded for error in refusing the affirmative charge as to count two.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.