BRADLEY, Judge.
This appeal is from an order of the Circuit Court of Hale County dismissing the case or complaint after a remand from the supreme court for new trial.
The case commenced when appellant here filed a two count complaint against appel-lees, one in detinue and one for conversion. The alternative value of the object of the suit — a Caterpillar tractor — was said to be $9,130.19. An answer and counterclaim was filed. The counterclaim claimed possession of the tractor and also charged conversion of it. The jury found for the defendants on their counterclaim and assessed damages of $5,000 and fixed the alternative value of the tractor in the amount of $22,-000. The motion for new trial was denied and appellant appealed.
The supreme court held that no implied warranty existed in connection with the sale of the tractor, assuming there had been a sale of the tractor by Trax to Tidmore, and reversed the case for a new trial. And, specifically said that on a new trial the question of a sale was to remain open.
*598 On the day of the retrial and shortly before the commencement thereof, the ap-pellees here, through their attorney, filed a handwritten motion to dismiss the appellant’s complaint and their counterclaim. The basis of their motion to dismiss appellant’s complaint is that appellant is a non-qualified foreign, corporation and, based on Title 10, Section 21(89), Code of Alabama 1940 (Recomp.1958), cannot recover the property in question. Section 21(89) provides as follows:
“All contracts or agreements made or entered into in this state by foreign corporations which have not qualified to do business in this state shall be held to be void at the suit of such foreign corporation or any person claiming through or under such foreign corporation by virtue of said void contract or agreement;
The trial court granted the motion and dismissed the complaint. The appellant appealed that order to the supreme court. The supreme court upon motion transferred the case to this court apparently based on the assertion that the alternative value of the tractor was $9,130.39.
Appellant argues here that the order appealed from is erroneous for three reasons: (1) section 21(89) does not apply to possesso-ry actions but applies only to actions on the contract, and cites to us the recent case of Jones v. Americar, Inc., 283 Ala. 638, 219 So.2d 893 (1969); (2) that the appellees failed to timely assert the defense of the statute, i. e. Title 10, Section 21(89), and have thereby waived it; and (3) the evidence does not support the appellees’ contentions and therefore the trial court erred in dismissing the action. Since we consider the first issue dispositive of the appeal, we will not discuss the other two issues.
In answer to appellant’s contention that section 21 (89) applies only to contract actions, appellees reply that the Jones case is inapt authority for the reason that the contract in the case at bar was entered into in Alabama, whereas the place of making the contract was not an issue in the cited case. True, the place where the contract was entered into was not an issue in the Jones case because that issue was not raised on appeal; however, in view of what the supreme court said about maintaining an action for conversion and trover in the Alabama courts, we think this issue would not have changed the decision had it been raised.
The supreme court in Jones said:
“We think that which is prohibited in the Alabama statutes are suits on contracts by unqualified corporations.”
The action that was appealed from in the Jones case was based on conversion and trover, not contract; and the supreme court therefore upheld the right of an out-of-state unqualified corporation to pursue these actions in the Alabama courts.
Likewise, in the case at bar, the action was not on the contract, but was one seeking recovery of the D-8 tractor or its alternate value. Based on the decision in Jones, we hold that the appellant can maintain its action in detinue in the Circuit Court of Hale County, Alabama. For the error committed in dismissing appellant’s complaint, the judgment of the trial court is reversed and the case remanded.
WRIGHT, P. J., and HOLMES, J., concur.